Sandra Jones EBERT, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 49223.

Supreme Court of Minnesota.

Oct. 12, 1979.

Although a tape recording was apparently made of the proceedings surrounding petitioner's entry of her plea in 1974, in the 3½-year interval between the entry of the plea and the filing of the petition for postconviction relief the tape recording was lost or misplaced. As a result, an evidentiary hearing was required to try to determine exactly what happened at the time the plea was entered. Evidence at this hearing was conflicting on the issue of whether petitioner's rights had been adequately explained to petitioner, but the postconviction court concluded that the affidavit of the judge who accepted petitioner's plea and petitioner's "fuzzy" recollection of what happened "belied" her claim that she made her plea without knowledge of all her rights. The record adduced at the postconviction hearing also revealed that there was a factual basis for petitioner's plea at the time she entered it.

Affirmed.

Brian H. Miller, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Harry F. Christian, County Atty., LeCenter, for respondent.

YETKA, Justice.

In 1974 petitioner entered a guilty plea in county court to a charge of D.W.I. and was sentenced. Then in 1977, nearly 3½ years later, petitioner filed a petition in district court pursuant to Minn.Stat. ch. 590 seeking relief from that conviction. After a hearing, the district court denied relief. We affirm.[1]

1. The state, by motion, sought an order dismissing petitioner's appeal to this court on the ground that petitioner failed to seek permission to appeal. We recognize the argument that one denied postconviction relief from a misdemeanor conviction should be required to seek permission to appeal in order to avoid circumvention of the requirement of permission for a direct appeal from the conviction itself. *See* Minn.Stat. § 487.39, subd. 2 (1978); Rule 29.01, subd. 2(1), Minn.R.Crim.P. However, we excused the petitioner's failure to seek permission in this case because the postconviction statute, Minn.Stat. ch. 590 (1978), does not make that requirement clear.