**STATE of Minnesota, Respondent,**

v.

**Michael Dean MYHRO, Appellant.**

**No. C6–84–1933.**

Court of Appeals of Minnesota.

Sept. 11, 1984.

Carl Newquist, Fridley, for respondent.

Charles L. Hawkins, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., without oral argument.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

On December 30, 1983 a jury convicted appellant of aggravated D.W.I., a gross misdemeanor. Sentence was imposed and execution stayed pending appeal. Appellant moved for a judgment of acquittal or for a new trial. On March 15, 1984 the trial court denied appellant's motion. On June 12, 1984 appellant filed a notice of appeal. Appellant's statement of the case indicated a complete transcript has been ordered. Appellant failed to file a transcript certificate as required by Minn.R. Crim.P. 28.02, subd. 9; Minn.R.Civ.App.P. 110.02, subd. 2. We requested the parties brief the issue whether appellant's proper appeal was from the judgment. Only appellant responded.

### ISSUE

Is the proper appeal from the judgment?

### ANALYSIS

1. Appellant did not appeal from the judgment but appealed the order denying appellant's motion for judgment of acquittal and motion for a new trial. Appellant contends the order denying the motion for judgment of acquittal or for a new trial is an appealable order.

2. Minn.R.Crim.P. 28.02, subd. 1 and 2 in part provide:

*Subd. 1. Review by Appeal.* Except as provided by law for the issuance of the extraordinary writs and for the Post-Conviction Remedy, *a defendant may obtain review of orders and rulings of the county or district courts by the Court of Appeals only by appeal as provided by these rules.* Writs of error are abolished.

*Subd. 2. Appeal as of Right.*

(1) *Final Judgment.* A defendant may appeal as of right from any final judgment adverse to him. A judgment shall be considered final within the meaning of these rules when there is a judgment of conviction upon the verdict of a jury or the finding of the court, and sentence is imposed or the imposition of sentence is stayed.

(2) *Orders.* A defendant may not appeal until final judgment adverse to him has been entered by the trial court except that a defendant may appeal

from an order refusing or imposing conditions of release or in felony and gross misdemeanor cases from:

1. an order granting a new trial when the defendant claims that the trial court should have entered a final judgment in his favor; or

2. an order, not on his motion, finding him incompetent to stand trial. (Emphasis added.)

3. Minn.R.Crim.P. 28.02, subd. 4(3) in part provides:

If a timely motion to vacate the judgment, for judgment of acquittal, or for a new trial has been made, the time for an appeal from a final judgment does not begin to run *until the entry of an order denying the motion, and the order denying the motion may be reviewed upon the appeal from the judgment.* (Emphasis added.)

4. A careful reading of Rule 28.02 indicates that an order denying a motion for a new trial or a motion for judgment of acquittal is reviewable upon appeal from the judgment. Nothing in Rule 28.02 authorizes an appeal from an order denying a *motion* for a new trial or judgment of acquittal. Rule 28.02, subd. 4(3) extends the time period to appeal from the judgment until entry of the order denying the motion for judgment of acquittal or new trial and facilitates efficiency by extending the appeal period from the judgment until after the trial court has an opportunity to rule on the post-trial motions. The post-trial orders may be reviewed upon the appeal from the judgment.

5. Before adoption of the Rules of Criminal Procedure an appeal from an order denying a new trial in criminal matters was authorized. *See*, Minn.Stat. § 632.01 (1971) (Repealed 1979 Minn.Laws, ch. 233, § 42); *State v. Hardin*, 294 Minn. 556, 202 N.W.2d 212 (1972). Now the Rules of Criminal Procedure presently govern appellate procedure in most criminal matters. *See*, Minn.R.Crim.P. 28.01, subd. 1; 28.02, subd. 1.

6. In civil matters an order denying a motion for a new trial is directly appealable. Minn.R.Civ.App.P. 103.03(d). The Rules of Civil Appellate Procedure do not extend the time period to appeal from the judgment until after the entry of the order denying a motion for a new trial. Because the time period to appeal from a judgment is not extended by a motion for a new trial, it is understandable why an order denying a motion for a new trial is directly appealable in civil matters. To provide otherwise would force a party to appeal from the judgment precluding the trial court ruling on a pending motion for a new trial because of lack of jurisdiction. *Evans v. Blesi*, 345 N.W.2d 775, 780 (Minn.Ct.App. 1984).

## DECISION AND ORDER

 In a criminal matter an order denying a motion for judgment of acquittal and motion for a new trial is not directly appealable, but may be reviewed on appeal from the judgment. Appellant failed to appeal from the judgment and did not file a transcript certificate. This appeal is dismissed.

DISMISSED.