**STATE of Minnesota, Respondent,**

v.

**Paul Luther HEREM, Appellant.**

**No. C5–84–701.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Michael Lynch, Kandiyohi County Atty., Willmar, for respondent.

Mark F. Uphus, Willmar, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

Appellant was convicted of fleeing a police officer, Minn.Stat. § 609.487, subd. 3 (1982), driving while under the influence, Minn.Stat. § 169.121, subd. 1(a) (Supp.1983) and careless driving, Minn.Stat. § 169.13, subd. 2 (Supp.1983).

After appellant was clocked driving his motorcycle at about 72 miles per hour he attempted to evade the pursuing officer. A high speed chase (about 100 miles per hour) lasted three to four miles before appellant pulled over and stopped.

The officer advised appellant of his speeding and asked for his driver's license. He then placed appellant in his squad car

and showed appellant the radar which was flashing 72.

Without giving a *Miranda* warning, the officer asked appellant some questions. He asked if appellant had seen the squad car, and appellant replied "yeah." He then asked if appellant was running away, and appellant stated "no, I would never do that." The officer asked why appellant continued so fast down the road and appellant replied that he was in a hurry to get home. When asked if he had seen the red rotating lights, appellant acknowledged he had. The officer noticed appellant had an odor of alcohol and his speech and general appearance indicated intoxication. Appellant admitted he was drinking about 10 minutes earlier.

The trial court denied appellant's motion to suppress his statements. Following his conviction by a jury, appellant's motion for acquittal or a new trial was denied by the trial court. Appellant appealed from the trial court's order denying his requested relief.

## DECISION

In *State v. Myhro*, 354 N.W.2d 571 (Minn.Ct.App.1984), we held that in criminal cases, an order denying a motion for judgment of acquittal and motion for new trial is not directly appealable, but may be reviewed on appeal from the judgment. *Id.* at 573. In *Myhro*, the appeal from a gross misdemeanor conviction for aggravated D.W.I. was dismissed because Myhro failed to appeal from the judgment. Similarly, appellant appealed from a nonappealable order and failed to appeal from the judgment. This appeal is dismissed.

Dismissed.