**STATE of Minnesota, Respondent,**

v.

**Paul Luther HEREM, Appellant.**

**No. C5–84–701.**

Supreme Court of Minnesota.

April 12, 1985.

Mark F. Uphus, Willmar, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul Kempainen, Asst. Atty. Gen., Michael Lynch, Kandiyohi County Atty., Willmar, for respondent.

AMDAHL, Chief Justice.

The defendant Paul Herem has petitioned for review of a decision of the Court of Appeals dismissing his appeal in a criminal case because the notice of appeal was

from the order denying defendant a new trial rather than from the judgment of conviction. 358 N.W.2d 85. We grant the petition for the limited purpose of reversing and remanding to the Court of Appeals so that it may review the appeal on the merits.

Defendant was found guilty by a jury of the gross misdemeanor offense of fleeing a police officer in a motor vehicle and the misdemeanor offenses of driving while under the influence of alcohol and careless driving. Minn.Stat. §§ 169.121, subd. 1(a); 169.13, subd. 2; 609.487, subd. 3 (1984). Defendant filed a motion for a new trial or judgment of acquittal, but the trial court sentenced defendant before the hearing on the motion. Then, following the hearing and the issuance of the order denying his motion, defendant filed a notice of appeal from the order denying his motion. Defendant filed a brief in the Court of Appeals and the state responded on the merits. The Court of Appeals dismissed the appeal without addressing the merits of the case. Citing its own decision in *State v. Myhro*, 354 N.W.2d 571 (Minn.App.1984), the court ruled that the appeal was from a nonappealable order and therefore had to be dismissed. Defendant moved the Court of Appeals for reconsideration or for permission to amend the notice of appeal. The court denied the motion. Defendant then filed a petition for review.

In *Myhro*, the Court of Appeals attached conclusive significance to the fact that Minn.R.Crim.P. 28.02, subd. 1, states that a criminal defendant may obtain review "only by appeal as provided by these rules" and to the fact that nothing in the rule specifically authorizes an appeal from an order denying a motion for a new trial or judgment of acquittal.

■ This is not a case of a defendant trying to appeal from an order when he has no right of appeal. Defendant's right of appeal had matured.[1] His only mistake was that his attorney did not use the cor-

rect language in giving notice that defendant was exercising his right of appeal. We do not believe that Rule 28.02 requires a dismissal of the appeal in such a case. A notice of appeal should be liberally construed in favor of its sufficiency. Under this approach and under the circumstances of this case, we conclude that the dismissal was improper. We therefore grant the petition, reverse the decision of the Court of Appeals, and remand for a ruling on the merits of the appeal. *Cf. Boom v. Boom*, 361 N.W.2d 34 (Minn.1985) (remanding a case to the Court of Appeals because dismissal of an appeal for noncompliance with the Rules of Civil Appellate Procedure is an inappropriate sanction when failure to follow the rules does not affect the jurisdiction of the court and does not prejudice the other party).

Petition for further review granted; order of the Court of Appeals reversed; and matter remanded to the Court of Appeals.

---

1. In fact, we have recently reiterated that a convicted defendant is entitled to at least one review of claimed errors. *Case v. State*, 364 N.W.2d 797 (Minn. 1985) [*citing Evitts v. Lucey*, 105 S.Ct. 830, 83 L.Ed. 821 (1985) and *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976) ].