**STATE of Minnesota, Respondent,**

v.

**Daniel M. PILLA, Appellant.**

**No. C2–85–1637.**

Court of Appeals of Minnesota.

Jan. 21, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James T. Reuter, Chisago Co. Atty., Clair F. Cole, Asst. Co. Atty., Center City, for respondent.

Daniel M. Pilla, pro se.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Daniel Pilla, appealing a petty misdemeanor speeding citation, challenges the 55 mile per hour speed limit. We affirm.

## FACTS

Appellant drove 65 miles per hour and was cited for speeding. Prior to trial he moved to dismiss, arguing the 55 mile per hour speed limit was void. The trial court denied appellant's motion and on July 31, 1985 found him guilty of violating Minn. Stat. § 169.141 (1984), a petty misdemeanor offense. Appellant was fined $30 and given the alternative of performing a few hours of community service work.

On August 7, 1985, appellant filed an appeal with the Chisago County clerk's office seeking review by a three-judge district court panel. On that day the county court administrator returned appellant's documents and by letter indicated that proper venue was with the court of appeals. Appellant then filed the appeal with the clerk of appellate courts on August 29, 1985.

By order, we requested the parties address the question of whether appellant's appeal was timely.

## ISSUES

1. Was appellant's petty misdemeanor appeal untimely filed?

2. Is the 55 mile per hour speed limit unconstitutional?

## ANALYSIS

1. Some confusion exists regarding the timeliness for petty misdemeanor appeals. Minn.R.Crim.P. 28.01, subd. 1 provides, "Rule 28 governs the procedure for appeals in misdemeanor, gross misdemeanor, and felony cases from the district courts and county courts to the Court of Appeals * *." Nothing in Rule 28 specifically states it is applicable to *petty* misdemeanor appeals.

Minn.Stat. § 487.39 (1984), while technically inapplicable since the appeal was from a district court judgment (the county court and district court have merged in the Tenth

Judicial District), is of some relevance. It provides in part:

> An aggrieved party may appeal to the court of appeals from a determination of a county court or a county municipal court. The provisions of this section govern all appeals from the county court and the county municipal court.
>
> (a) Except as provided in clause (b), the appeal in a civil case shall be in accordance with the rules of civil appellate procedure.
>
> (b) In the appeal of *petty misdemeanor*, ordinance or criminal cases, *the written notice of appeal shall be filed with the clerk of court of the county in which the action was heard within ten days* of the conviction or other determination, and sentencing, appealed from.

*Id.* (emphasis added).

For some unknown reason, the statute still contains old language directing appeals to the *county clerk* of court and was not changed when the court of appeals was established.

█ This may explain why one unfamiliar with appellate rules, as many petty misdemeanants are, would file the notice of appeal with the county clerk of court.[1]

Minn.R.Crim.P. 1.01 provides, "These rules govern the procedure in prosecutions for felonies, gross misdemeanors, misdemeanors, and petty misdemeanors * * *." A petty misdemeanor is not considered a crime, Minn.R.Crim.P. 23.06, but pretrial and trial practice is specifically governed by the Rules of Criminal Procedure. Minn. R.Crim.P. 23.01–.06.

Under Minn.R.Crim.P. 28.01, subd. 4(3), an appellant has 10 days to appeal from a misdemeanor conviction. This time limitation is purposely short to discourage meritless appeals. Popovich and Niles, *A Practitioner's Guide to Bringing an Appeal in the Minnesota Court of Appeals*, 11

---

1. This does not mean a pro se appellant is not held to the same standards as an attorney. We have said "While some latitude and consideration is provided by all courts to persons appearing pro se, we cannot permit bending of all rules and requirements * * *." *Liptak v. State,* 340 N.W.2d 366, 367 (Minn.Ct.App.1983).

Wm. Mitchell L.Rev. 627, 641 n. 89 (1985). The comment to Minn.R.Crim.P. 28 clearly indicates it governs appeals in petty misdemeanor cases. Minn.R.Crim.P. 28 applies to petty misdemeanor appeals and a petty misdemeanant has 10 days from the date of judgment of conviction to file a notice of appeal with the clerk of appellate courts.

Here, appellant filed a notice of appeal with the county clerk of court within 10 days of the day of conviction, but not with the clerk of appellate courts until 19 days from the expiration of the time otherwise prescribed for appeal.

██ Under Minn.R.Crim.P. 28.02, subd. 4(3), this court may, for good cause, even after the time of appeal has expired, extend the time for filing a notice of appeal for 30 days. Under the circumstances of this matter, we extend the time because a criminal defendant is entitled to at least one appeal of claimed error, *State v. Herem*, 365 N.W.2d 771, 772 n. 1 (Minn.1985), and the requirement that petty misdemeanor appeals be filed with this court within 10 days has not been clear. *See Ebert v. State*, 284 N.W.2d 548, 549 n. 1 (Minn. 1979). Appellant's original appeal in the county court was timely and his subsequent appeal to the court of appeals was within 30 days from the expiration of the time required. Appellant has shown good cause and we extend the time for filing the appeal and accept jurisdiction in this case.

2. Appellant challenges the 55 mile per hour speed limit authorized in Minn.Stat. § 169.141. We find appellant's contentions without merit and address them briefly:

██ (a) Appellant contends the statute is obsolete and arbitrary and was designed to combat a fuel crisis which no longer exists. The wisdom of legislation is not for this court to decide. We cannot take judicial notice whether the supply of fuel abounds in Minnesota. *See McCormick on Evidence* §§ 329–331 (3d ed. 1984). The legislature could reasonably have concluded that the 55 mile per hour speed limit is a rational means of conserving fuel or reducing high-

way fatalities, both of which are legitimate government interests.

██ (b) Appellant contends the speed limit is an improper product of federal coercion, being enacted after Congress passed the Emergency Highway Energy Conservation Act, conditioning federal highway aid to states on the passage of a 55 mile per hour speed limit. Appellant's argument is without merit. States have no constitutional right to federal highway funds and Congress may condition such grants on the imposition of 55 mile per hour speed limits.

██ (c) Appellant argues the speed limit law is unconstitutionally vague because Minn.Stat. § 169.141 never set the actual limits at 55 miles per hour, but the Commissioner of Highways set the speed limit at 55 miles per hour by directive on March 1, 1974. Appellant had sufficient warning of the 55 mile per hour speed limit and does not argue the highway was inadequately posted.

██ (d) Finally, appellant contends Minn.Stat. § 169.141 unconstitutionally delegates the power to set maximum speed limits to the Commissioner of Transportation. The legislature may delegate such power if the statute provides a reasonably clear policy to guide administrative officers. *See Anderson v. Commissioner of Highways*, 267 Minn. 308, 311, 126 N.W.2d 778, 780 (1964). Minn.Stat. § 169.141 meets this requirement. We are not persuaded by either the California municipal judge's or the Oregon justice of the peace's opinions which appellant attached to his brief.

## DECISION

Appellant's appeal of his petty misdemeanor speeding conviction was not timely because it was not filed within 10 days of the date of judgment of conviction. While we extended the time for filing the appeal, we find appellant's arguments unconvincing. Minnesota's 55 mile per hour speed limit is constitutional.

Affirmed.