**STATE of Minnesota, Respondent,**

v.

**Tesfay TESSEMA, Appellant.**

**No. C5–94–67.**

Court of Appeals of Minnesota.

May 3, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. Mayer, Grannis, Grannis, Hauge, Eide, Anderson & Keller, Eagan, for respondent.

Fred A. Reiter, Minneapolis, for appellant.

Considered at Special Term and decided by ANDERSON, C.J., and PARKER and HUSPENI, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

The state moves to dismiss this appeal from a petty misdemeanor conviction as being untimely filed. We grant the motion and dismiss the appeal.

## FACTS

Appellant Tesfay Tessema was charged with a controlled access violation. The controlled access offense became a misdemeanor because Tessema had two prior convictions for moving traffic offenses within the last seven months. But the prosecutor and defense counsel agreed to certify the offense as a petty misdemeanor.

The case was tried to the court on December 7, 1993. On December 9, 1993, the trial court issued an order finding Tessema guilty and sentencing him. Tessema received a notice that this order had been filed.

Tessema appealed the conviction on January 10, 1994. The state moves to dismiss the appeal as untimely filed.

## ISSUE

Did appellant timely file this appeal?

## ANALYSIS

A defendant has ten days from the judgment of conviction to file an appeal in a misdemeanor prosecution. Minn.R.Crim. P. 28.02, subd. 4(3). Tessema, however, argues that an appeal from a petty misdemeanor conviction is a civil appeal rather than a criminal appeal because a petty misdemeanor is not a crime. *See* Minn.Stat. § 609.02, subd. 4a (1992). Tessema argues that, under Minn.R.Civ.App. P. 104.01, he had 30 days from the service of notice of filing to appeal, a deadline he met.

The Criminal Code provides that a petty misdemeanor "does not constitute a crime." *Id.* Nevertheless, the Rules of Criminal Procedure provide:

> These rules govern the procedure in prosecutions for felonies, gross misdemeanors, misdemeanors, *and petty misdemeanors* in the district courts in the State of Minnesota. Except where expressly provided otherwise, misdemeanors as referred to in these rules shall include state statutes, local ordinances, charter provisions, rules or regulations punishable either alone or alternatively by a fine or by imprisonment of not more than 90 days.

Minn.R.Crim. P. 1.01 (emphasis added). Included in the Rules of Criminal Procedure is the rule giving misdemeanants only 10 days to file an appeal. Minn.R.Crim. P. 28.02, subd. 4(3). Although that rule does not specifically reference petty misdemeanors, the Rules of Criminal Procedure generally treat petty misdemeanors as a subclass of misdemeanors. *See* Minn.R.Crim. P. 23.01 (petty misdemeanor "means a misdemeanor offense punishable" only within statutory limits); *cf. State v. Johnson* 514 N.W.2d 551 (Minn.1994) (certifying misdemeanor as a petty misdemeanor does not create a different classification of offense).

The supreme court in a long line of cases has held that, for purposes of appellate procedure, municipal ordinance violations are criminal rather than civil actions. *State v. Brown,* 297 Minn. 109, 111, 209 N.W.2d 920, 921 (1973); *Village of Crosby v. Stemich,* 160 Minn. 261, 263, 199 N.W. 918, 919 (1924); *but see State v. Thomas,* 279 Minn. 326, 329, 156 N.W.2d 745, 746 (1968).

This court has held that "Minn.R.Crim. P. 28 applies to petty misdemeanor appeals and a petty misdemeanant has 10 days" to file a notice of appeal. *State v. Pilla,* 380 N.W.2d 207, 210 (Minn.App.1986). This court in *Pilla* noted that the rule does not specifically state that petty misdemeanor appeals are covered by its provisions. *Id.* at 209. But the court concluded that petty misdemeanors are treated as misdemeanors for appeal purposes. *Id.* at 210.

Tessema provides no authority for his argument that a petty misdemeanor is a civil action for purposes of appeal. The advantages he contends the prosecutor obtained by certifying the offense to a petty misdemeanor do not affect the jurisdictional issue of whether the appeal was timely filed.

Tessema filed this appeal on January 10, 1994, 32 days after the judgment of conviction was entered. The appeal is untimely under Minn.R.Crim. P. 28.02, subd. 4(3), and is dismissed.

## DECISION

The appeal was filed more than ten days after the judgment of conviction and is untimely.

**Appeal dismissed.**