**COMMISSIONER OF NATURAL RESOURCES, Respondent,**

v.

**NICOLLET COUNTY PUBLIC WATER/WETLANDS HEARINGS UNIT, Respondent,**

and

**Gerhard Mertesdorf and William Bode, Objectors.**

**Judy V. Bode and Linda I. Bode, Appellants,**

v.

**Minnesota Department of Natural Resources, et al., Respondents.**

No. C9–01–321.

Court of Appeals of Minnesota.

Aug. 21, 2001.

Considered and decided by HALBROOKS, Presiding Judge, WILLIS, and HANSON, Judges.

## OPINION

HALBROOKS, Judge

Appellants in this matter are the daughters of William Bode, the original landowner. A portion of appellants' land was determined to be a protected wetland by a 1986 district court judgment reversing a prior administrative decision. Appellants' earlier challenge to that judgment, based on lack of subject-matter jurisdiction, was unsuccessful.

Appellants subsequently moved to vacate the 1986 judgment of the district court based on lack of personal jurisdiction over their father, alleging that the notice of hearing on the appeal to the district court violated due-process requirements. The district court denied the motion, finding that the court had jurisdiction over appellants' father through his participation in the administrative proceedings and that appellants waived the issue of personal jurisdiction through their subsequent participation in ongoing administrative proceedings regarding the wetland. Because we conclude that the notice of hearing did not violate Bode's due-process rights and moreover, even if it had, appellants have waived the issue of personal jurisdiction, we affirm.

## FACTS

In 1976 and again in 1979, the Minnesota Legislature directed the Commissioner of the Department of Natural Resources (DNR) to inventory the state's public waters and to designate public waters and wetlands. The DNR inventoried the appellants' farm and determined that a portion of the land met the definition of "wetlands." ("Unnamed Wetland No. 52–26").

Mike Hatch, Attorney General, Craig L. Engwall, Gregory J. Schaefer, Assistant Attorneys General, St. Paul, MN, (for respondent).

Richard Brian Bates, St. Paul, MN, (for appellant).

The effect of the wetland designation is to restrict the landowner's right to drain or fill.

In August 1980, William Bode (Bode) and the adjoining land owner, John Mertesdorf, timely appealed the DNR's classification to the Nicollet County Hearings Unit.[1] Bode and Mertesdorf were represented by the same attorney. A hearing was held on August 18, 1980, and Bode, accompanied by counsel, testified in opposition to the classification. The hearings unit agreed and issued an order September 10, 1980, concluding that the DNR had improperly classified part of the Bode farm as a wetland.

The DNR appealed the hearings-unit order, but filed the appeal one day late. The notice of appeal was properly served on Bode's counsel of record. Bode did not make any objection on the grounds that the district court lacked subject-matter or personal jurisdiction. The following year, in 1981, despite being warned not to drain the land during the appeals process, Bode installed a tile drainage system in the area designated as a wetland.

In the spring of 1986, after the appeal to the district court had been pending for several years, the DNR sent Bode a notice of hearing on its appeal together with DNR's supporting memorandum. The notice was addressed to Bode and Mertesdorf, but it did not list either individual as a party to the action. The notice stated that "petitioner [DNR] will seek reversal of the Nicollet County Hearings Unit's Order concerning Zwinggi Lake (52–12) and Unnamed Wetland No. 52–26W." In the interim, Bode had discharged his attorney.

Bode did not attend the June 2, 1986 hearing, but Mertesdorf did. The district court reversed the hearings unit and entered judgment on December 17, 1986. Bode appealed this determination, but his appeal was dismissed as untimely. Following the 1986 judgment, years of legal proceedings ensued between the Bodes and the DNR regarding the DNR's efforts to restore the wetland located on the Bode farm.[2]

In 1989, the DNR ordered Bode to restore the wetland by removing the tile drainage system. Bode did not challenge or obey the order, and in November 1991, the court authorized the DNR to enter the land and perform restoration. Appellants Judy and Linda Bode filed suit against the DNR, but the action was dismissed because the court held that as remaindermen, they had no possessory rights until the termination of their parents' life estate. This court affirmed the district court. *Bode v. Minnesota Dep't of Natural Resources*, No. C4–92–2033, 1993 WL 121266 (Minn.App. Apr.13, 1993).

In March 1996, appellants brought a subsequent action in district court for damages resulting from the DNR's destruction of part of their tile drainage system. The DNR moved for summary judgment and the court granted the motion by an order dated September 18, 1997.

In 1998, in conjunction with the 1996 action, appellants made a motion under Minn. R. Civ. P. 60.02(d), arguing that the district court's 1986 judgment was void because the DNR's 1980 appeal had been

---

1. The hearings unit was created by statute to resolve landowner disputes arising from the DNR's wetlands inventory. *See* Minn.Stat. § 105.391, subd. 1 (Supp.1979).

2. William Bode was the father and a predecessor in title to appellants Judy and Linda Bode. In 1986, Judy and Linda Bode received title to the Bode farm subject to a life estate in their parents, William and Rose Bode. William Bode died on September 1, 1993.

untimely and, therefore, the court had lacked subject-matter jurisdiction to hear the appeal. The district court granted appellants' motion to vacate, but this court reversed. *Bode v. Minnesota Dep't of Natural Resources,* 594 N.W.2d 257 (Minn.App.1999). The Minnesota Supreme Court affirmed this court's decision, holding that the district court erred in granting the motion to vacate because a collateral attack on the judgment was procedurally improper. *Bode v. Minnesota Dep't of Natural Resources,* 612 N.W.2d 862, 866 (Minn.2000) (*Bode I* ). The court went on to analyze the motion as a direct attack on the merits. The court deviated from the "traditional rule" that allowed for motions to vacate under rule 60.02(d) for lack of subject-matter jurisdiction to be filed at any time and mandated that such a motion be made within a "reasonable time." The court recognized that

> [i]t would be inequitable and contrary to the general desirability that judgments be final to vacate this judgment after such reliance over such a lengthy period of time. Therefore, we conclude that consideration of all attendant circumstances mandates our holding that the Bodes' 1998 Rule 60.02(d) motion attacking the 1986 judgment or any subsequent motion directly attacking the 1986 judgment does not fall within the reasonable time limits of the Rule.

*Id.* at 870 (quotation omitted).

In October 2000, appellants filed another motion to vacate the 1986 judgment as void under Minn. R. Civ. P. 60.02(d). This time, appellants argued that the court lacked personal jurisdiction over Bode because the DNR's notice of appeal was constitutionally inadequate. After a hearing, the district court denied the motion. The court did not address appellants' due-process argument, but instead held that the court had acquired personal jurisdiction over Bode through his participation in the hearings-unit decision and that appellants waived the defense of lack of personal jurisdiction by "participating in proceedings regarding the wetland and by unreasonably delaying their motion." This appeal follows.

## ISSUES

1. Did the 1986 notice to Bode violate due process?

2. Did appellants waive the issue of personal jurisdiction by participating in other proceedings in this case?

## ANALYSIS

### I.

▮▮▮ Appellants argue that the notice received for the 1986 hearing was constitutionally inadequate because it violated Bode's due-process right to notice. "This court reviews de novo the procedural due process afforded a party." *Zellman ex rel. M.Z. v. Independent Sch. Dist. No. 2758,* 594 N.W.2d 216, 220 (Minn.App.1999) (citation omitted), *review denied* (Minn. July 28, 1999).

▮▮▮ Due process requires that deprivation of property be preceded by notice and an opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (citation omitted). The concept of right to notice is that the right to be heard "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The degree of notice required does not follow one specific, technical definition but rather varies "with the circumstances and conditions of each case." *In re Christenson,* 417 N.W.2d 607, 611 (Minn.1987) (citation

omitted). For example, the supreme court has held that notice of public hearings must state that a property owner has the right to appeal and must indicate the time in which the appeal must be taken. *Klappmeier v. Town of Center of Crow Wing County,* 346 N.W.2d 133, 136 (Minn.1984). In another case, the supreme court found that published notice of the system mapping the state's wetlands—the same type of notice Bode received in 1980—was constitutional. *Christenson,* 417 N.W.2d at 613; *see also In re Kindt,* 542 N.W.2d 391, 394–95 (Minn.App.1996) (finding notice of termination of medical-assistance benefits adequate where notification acknowledged that the proposed benefit reduction was total, specified benefit-termination date, and cited reason for termination).

Based on *Christenson,* the notice Bode received for the 1980 wetland classification and designation was constitutionally adequate. Appellants do not dispute this. They also concede that the notice was properly served and timely. But appellants argue that the 1986 notice was inadequate to grant the court personal jurisdiction because it did not specifically inform Bode that a reversal of the hearings-unit decision would result in the removal of his drainage system. Appellants argue that the failure to expressly warn him of the threat to his property interest is unconstitutional.

Appellants rely on *Schulte v. Transportation Unltd., Inc.,* 354 N.W.2d 830, 832, 835 (Minn.1984), that questioned whether a discharged employee was denied due process when a notice of appeal of his unemployment benefits failed to notify him that, if reversed, he would be liable for repayment of the benefits previously paid to him. In *Schulte,* the court recognized that "unless [a] person knows the consequences of the reversal of an initial decision," there is little motivation for a person to attend a hearing that the person believes is moot. *Id.* at 834. The court held that "to be constitutionally sufficient, the notice must communicate the interest at stake * * *" and concluded that "the notice in question is affirmatively misleading and results in a denial of due process." *Id.* at 834, 835.

We find appellants' reliance on *Schulte* misplaced because there are critical distinctions between this case and *Schulte.* A review of the record demonstrates that, unlike the appellant in *Schulte,* Bode knew of the potential consequences of a reversal of the hearings-unit decision. In *Schulte,* the appellant did not participate in any proceedings regarding his unemployment compensation, and the court expressly noted that Schulte, who had since found another job and was no longer receiving benefits, could not possibly have appreciated that he could be liable for benefits already received. *Id.* at 834. Conversely, here, Bode appeared with counsel and contested the wetland designation in 1980. Moreover, Bode had been warned not to alter the land during the pendency of the appeal. In 1980, his attorney was informed that Bode

> would be taking a risk if [he] were to drain during the appeal and that the [DNR] would strongly consider taking appropriate criminal or civil action if 52–26 were drained without a DNR permit.

On May 20, 1981, Bode was advised that he "could not drain the wetland pending the outcome of the appeal."

Appellants also argue that because Bode lacked "experience and sophistication in legal and administrative matters" and was not listed as a party, he may have thought the notice was misdirected and simply ignored it. But the notice was sent to both Bode and the adjoining landowner, Mertesdorf. Therefore, even if Bode did not remember that his land had been designated as "Unnamed Wetland No. 52–

26W," the appearance of Mertesdorf's name on the notice should have alerted Bode to the subject matter of the notice and its potential significance. Moreover, Bode retained counsel and petitioned for the original hearing on the wetland designation, based solely on a published notice, indicating that he appreciated the importance of the DNR classification. In addition, he participated in the 1980 hearing, was subsequently warned about the consequences of the wetland designation, and was involved in disputes with the DNR regarding the designation of the land between 1980 and 1986. To argue now that he lacked the "sophistication" to understand the importance of this notice is unconvincing. *See State v. Pilla*, 380 N.W.2d 207, 209 n. 1 (Minn.App.1986) (noting that pro se litigants are generally held to the same standards as attorneys).

Appellants suggest that to be constitutionally adequate, the notice must specifically state: "If MDNR is successful in its appeal the wetland cannot be drained and any drainage system will have to be removed." In effect, appellants argue that, to be constitutionally valid, a notice document must list every possible outcome of an appeal. This is both unrealistic and unnecessary under the law. Because Bode knew or should have known the consequences of a reversal of the hearings-unit decision and the interests at stake, the notice did not violate his due-process right.

## II.

Even if the notice was unconstitutional, we agree with the district court that appellants waived the issue so they can no longer assert the defense of lack of personal jurisdiction.

The decision to grant a motion to vacate is within the discretion of the district court, but a motion brought under Minn. R. Civ. P. 60.02(d) to vacate a judg-

ment on grounds that it is void for lack of personal jurisdiction does not involve the exercise of discretion. *Hengel v. Hyatt*, 312 Minn. 317, 318, 252 N.W.2d 105, 106 (1977) ("If the judgment is void for lack of jurisdiction, it must be set aside without regard to such factors as the existence of a meritorious defense.") The existence of personal jurisdiction is a question of law subject to de novo review. *Hughs ex rel. Praul v. Cole*, 572 N.W.2d 747, 749 (Minn. App.1997).

Appellants argue that the district court erred in finding that they waived the defense of lack of personal jurisdiction through their participation in the litigation. *See generally D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) (indicating that in a civil suit defendant has a constitutional right to notice and an opportunity to defend, but that right can be waived).

The defense of personal jurisdiction is deemed waived if not raised as a defense, made by motion, or included in a responsive pleading. Minn. R. Civ. P. 12.08(a); *see also Majestic, Inc. v. Berry*, 593 N.W.2d 251, 258 (Minn.App.1999). In addition, rule 12.08 does not "preclude waiver by implication." *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 868 (Minn. 2000) (holding that a defendant waives the defense of insufficient service of process, despite asserting the defense by answer, by affirmatively invoking the jurisdiction of the district court to obtain partial summary judgment without earlier or simultaneously moving to dismiss the complaint for insufficient service of process) (citation omitted). It has long been the rule that

a party may, by consent, give jurisdiction over his person, and it follows as a consequence that, where there is any defect of jurisdiction, or it has ceased, he may waive the objection, and does so

when he takes or consents to any step in the cause which assumes that jurisdiction exists or continues.

*Quaker Creamery Co. v. Carlson,* 124 Minn. 147, 150, 144 N.W. 449, 449 (1913).

A party who takes or consents to any step in a proceeding which assumes that jurisdiction exists or continues has made a general appearance which subjects him to the jurisdiction of the court.

*Slayton Gun Club v. Town of Shetek,* 286 Minn. 461, 467, 176 N.W.2d 544, 548 (1970) (citation omitted).

The issue before us is whether appellants have taken any action that would bring them within the jurisdiction of the court under the holding in *Slayton.* Appellants argue that the district court erred in finding that they "waived the issue of personal jurisdiction * * * by participating in proceedings regarding the wetlands and by unreasonably delaying their motion" because they did not personally participate in the 1986 litigation.

In *Midway Nat'l Bank v. Estate of Bollmeier,* 504 N.W.2d 59, 64 (Minn.App.1993), a personal representative of the named defendant's estate consented to an attorney's representation, allowed the attorney to proceed through trial, and made no objection until almost three years after trial. *Id.* We held then that the personal representative had submitted to the trial court's jurisdiction and waived any right to assert a lack-of-personal-jurisdiction defense based on ineffective service. *Id.* Appellants argue that this case is distinguishable because in *Bollmeier,* the district court's jurisdiction attached in the same legal action, whereas here, they are challenging the jurisdiction of the court in the 1986 appeal by the DNR. But the focus of the analysis in *Bollmeier* was the party's consent to jurisdiction through participation in the proceedings. *Id.*

The failure to provide the court with an opportunity to rule on personal jurisdiction before invoking the court's jurisdiction on the merits of the claim is determinative of whether a party waived a jurisdictional defense. *Patterson,* 608 N.W.2d at 868; *see also Mississippi Valley Dev. Corp. v. Colonial Enters., Inc.,* 300 Minn. 66, 73, 217 N.W.2d 760, 764 (1974) (defendant who subjected himself to court's jurisdiction and delayed about 16 months after allegedly defective service of process before raising jurisdictional defense waived any right to assert lack-of-jurisdiction defense); *Federal–Hoffman, Inc. v. Fackler,* 549 N.W.2d 93, 95–96 (Minn.App.1996) (finding the defense of lack of personal jurisdiction can be waived when a party waits for more than three months between his answer and the filing of his motion to dismiss), *review denied* (Minn. Aug. 20, 1996); *Wachsmuth v. Johnson,* 352 N.W.2d 132, 133 (Minn.App. 1984) (in making motion to reduce child-support obligation, appellant assumed personal jurisdiction existed, thereby subjecting himself to the court's jurisdiction).

Appellants have been involved in litigating this issue for years without challenging personal jurisdiction for the 1986 hearing. In suits brought in 1992 against the DNR and the motion in 1998 to set aside the 1986 order, appellants never asserted a lack of personal jurisdiction. Appellants filed this motion in October 2000, 14 years after the 1986 notice of appeal was sent to their father. This is the first time the court has been asked to rule on the issue of personal jurisdiction. Moreover, as the supreme court noted in *Bode I,* since the 1986 judgment, the parties have taken "substantial action in reliance in the judgment." 612 N.W.2d at 865. We conclude that, by proceeding through multiple appeals in the issue of wetland designation and then delaying 14 years before filing motions to vacate, appellants have waived

any right to assert a lack of personal jurisdiction.

## III.

Respondent argues that appellants' motion to vacate pursuant to Minn. R. Civ. P. 60.02(d) fails because it falls outside of the "reasonable time" limit of the rule established by the supreme court in *Bode I.* Conversely, appellants argue that the *Bode I* decision is limited to motions to vacate based on subject-matter jurisdiction.

Because we conclude that the notice Bode received in 1986 was constitutionally valid and that appellants have waived the defense of lack of personal jurisdiction, we need not reach this issue. *See Tereault v. Palmer,* 413 N.W.2d 283, 286 (Minn.App. 1987) (stating "the task of extending existing law falls to the supreme court or the legislature but it does not fall to this court"), *review denied* (Minn. Dec. 18, 1987).

## DECISION

The notice received was constitutionally adequate. Further, appellants submitted to the district court's jurisdiction by participating in proceedings and did not preserve their right to later challenge the court's jurisdiction over them. Therefore, the court properly denied the motion to vacate.

**Affirmed.**