**In re Petition for DISCIPLINARY ACTION AGAINST Martha L. BURNS, an Attorney at Law of the State of Minnesota.**

No. C0–01–899.

Supreme Court of Minnesota.

Aug. 30, 2001.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Martha L. Burns has committed professional misconduct warranting public discipline, namely, neglect of client matters, failure to communicate with clients and failure to return a client file as well as failure to cooperate with the supervisor of her stipulated private probation and with the Director's Office in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16 and 8.1(a)(3), Rule 25, Rules on Lawyers Professional Responsibility (RLPR), and the terms of respondent's private probation.

By order dated June 26, 2001, this Court deemed admitted the allegations of the Director's petition. Respondent has entered into a stipulation with the Director in which she has waived her rights to further proceedings pursuant to Rules 14 and 15, RLPR, and the parties jointly recommend that the appropriate discipline is indefinite suspension from the practice of law for a minimum period of nine months pursuant to Rule 15, RLPR, and payment of $900 in costs and disbursements pursuant to Rule 24, RLPR. The reinstatement hearing provided for in Rule 18, RLPR, is not waived. Reinstatement is conditioned upon: (1) payment of costs in the amount of $900 plus interest pursuant to Rule 24(d), RLPR; (2) compliance with Rule 26, RLPR; (3) successful completion of the professional responsibility portion of the bar examination pursuant to Rule 18(e); and (4) satisfaction of the continuing legal education requirements pursuant to Rule 18(e), RLPR.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Martha L. Burns is indefinitely suspended from the practice of law for a minimum period of nine months, with reinstatement conditioned upon the agreed-upon terms set forth above. Respondent shall pay $900 in costs and disbursements.

BLATZ, C.J., took no part in the consideration or decision of this case.

BY THE COURT:
PAUL H. ANDERSON,
Associate Justice