# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4142

_____

Rarity Abdullah,                                    *
                                                    *
            Appellant,                              *
                                                    *    Appeal from the United States
      v.                                            *    District Court for the
                                                    *    District of Minnesota.
State of Minnesota, State Court                     *
System; Hennepin County District                   *    [UNPUBLISHED]
Court Judges,                                       *
                                                    *
            Defendants,                             *
                                                    *
Eathan Weinzeirl, in his                            *
individual capacity;                                *
                                                    *
            Appellee,                               *
                                                    *
Lucy A. Wieland, in her individual                  *
and official capacities; Jane                       *
Whisney-Wilson, in her individual                   *
and official capacities; Dana Banwer,               *
in her individual and official capacities,          *
                                                    *
            Defendants.                             *

_____

Submitted: January 22, 2008
Filed: February 4, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Rarity Abdullah appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 claim against Hennepin County Deputy Sheriff Eathan Weinzeirl, alleging that Weinzeirl violated his constitutional rights by "planting" drugs that were used to issue a citation against him for possession of marijuana, a petty misdemeanor under Minnesota law.[2] After Abdullah admitted in the district court that he had been issued a fine and that there was no pending matter in state court, the district court granted Weinzeirl's Federal Rule of Civil Procedure 12(b)(6) motion and dismissed Abdullah's claim without prejudice under Heck v. Humphrey, 512 U.S. 477 (1994), because the complaint was silent as to the status of the citation.

On appeal, Abdullah argues that the district court erred in dismissing his claim because Heck only applies to criminal matters and a petty misdemeanor is a civil action under Minnesota law; because his claim should have been stayed in light of Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (indicating that if plaintiff files civil action alleging false arrest and claim necessarily requires invalidation of anticipated future conviction, federal court should stay civil action until criminal case is terminated); because the court improperly considered matters outside the complaint and imposed a heightened pleading requirement on him; and because he has no other means to obtain federal review given his ineligibility for habeas relief. He also challenges the validity of Heck, arguing that it encourages police to file false criminal charges to protect themselves from civil liability, and that it has been undermined by Jones v. Bock, 127 S. Ct. 910, 912 (2007).

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting in part the report and recommendations of the Honorable Susan R. Nelson, United States Magistrate Judge for the District of Minnesota.

[2]Abdullah asserted claims against other persons or entities who were dismissed over the course of the litigation, but only the dismissal of his claim against Weinzeirl is before this court.

This court reviews de novo a dismissal under Rule 12(b)(6), assuming all factual allegations in the complaint as true. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). Heck provides that in order to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-87. If a plaintiff cannot make the requisite showing, dismissal is appropriate. See id. at 486-87 (district court must consider whether judgment in favor of plaintiff would necessarily imply invalidity of his conviction or sentence; if it would the complaint must be dismissed unless plaintiff can demonstrate that conviction or sentence has already been invalidated).

We conclude that the district court did not err in dismissing Abdullah's section 1983 claim under Heck, because success on his claim would necessarily render invalid the "sentence" of a fine imposed for his possession of marijuana, and because he did not allege or show that the fine had been invalidated or that his criminal petty-misdemeanor case had otherwise been resolved in his favor. See Minn. Stat. §§ 152.027, subd. 4 (person who unlawfully possesses small amount of marijuana is guilty of petty misdemeanor), 609.02, subd. 4a ("sentence of a fine of not more than $300 may be imposed" for petty misdemeanor); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-69 (2007) (to survive Fed. R. Civ. P. 12(b)(6) motion, factual allegations of complaint must do more than state speculative right to relief on assumption that all allegations in complaint are true; complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory); Moore v. Sims, 200 F.3d 1170, 1172 (8th Cir. 2000) (per curiam) (claim based on assertion that evidence was unlawfully planted was barred by Heck); see also State v. Tessema, 515 N.W.2d 626, 627 (Minn. Ct. App. 1994) (appeal of petty misdemeanor is criminal, not civil).

We also conclude that Abdullah is not entitled to a stay under Wallace, because Abdullah admitted in the district court that there was no pending matter in state court. See Andrews v. St. Louis Joint Stock Land Bank, 127 F.2d 799, 804 (8th Cir. 1942) (judicial admission is conclusive upon party by whom it was made); see also LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006) (court may affirm district court's dismissal on any basis supported by record).

Finally, Abdullah's inability to obtain habeas relief does not preclude application of Heck. Cf. Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) (holding Heck's favorable-termination rule barred claim of habeas-ineligible former prisoner). His policy disagreements with Heck are unavailing, and his reliance on Jones v. Bock is misplaced because that case addressed the unrelated issue of the exhaustion requirement regarding prison grievances under the PLRA. See Jones, 127 S. Ct. at 918-22.

Accordingly, the judgment of the district court is affirmed.

_____