*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1251**

Harper & Peterson, P.L.L.C.,
Respondent,

vs.

John W. Seckinger,
Appellant.

**Filed February 21, 2017
Affirmed
Halbrooks, Judge**

Washington County District Court
File No. 82-CV-16-1201

William D. Harper, Jason L. DePauw, Harper & Peterson, P.L.L.C., Woodbury, Minnesota (for respondent)

John W. Seckinger, Winter Haven, Florida (pro se appellant)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Jesson, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

Appellant, pro se, challenges the district court's order granting respondent's motion for declaratory judgment, arguing that (1) his procedural due-process rights were violated; (2) the district court lacked jurisdiction to consider respondent's declaratory-judgment

motion; and (3) respondent's failure to disclose his answer and other documents, which demonstrated genuine issues of material fact, resulted in a miscarriage of justice. We affirm.

## FACTS

Appellant John Seckinger retained respondent Harper & Peterson, P.L.L.C., to represent him as legal counsel after he sustained injuries in a motorcycle crash in 2005. A retainer agreement formalized their attorney-client relationship. The retainer agreement states, in part, "Client agrees to pay all costs of investigation, preparation and trial of case, and authorize [Harper & Peterson] to deduct their fee and such costs from the proceeds recovered."

In 2008, Harper & Peterson commenced a personal-injury lawsuit on behalf of Seckinger. The costs associated with investigation, expert fees, and pretrial preparation of Seckinger's case totaled $79,203.99. Seckinger paid Harper & Peterson $30,000 toward the costs of the litigation, and Harper & Peterson advanced an additional $49,203.99 of its own funds to cover the litigation costs. Four years later, the parties to the lawsuit entered into a confidential settlement agreement.

After his personal-injury lawsuit settled, Seckinger asked Harper & Peterson to reimburse him for the $30,000 that he had paid in litigation costs. Harper & Peterson asserted that Seckinger is not entitled to reimbursement of the $30,000, which it kept in its client trust account as disputed fees, and Harper & Peterson initiated an action against Seckinger, requesting the district court to declare that it is entitled to the disputed fees.

2

Harper & Peterson served a complaint on Seckinger on August 24, 2015, and filed the case in district court on March 21, 2016. On March 28, 2016, Harper & Peterson moved the district court for a declaratory judgment in its favor as to the disputed fees. The notice of motion and motion were also served on Seckinger. Seckinger timely served his answer to the complaint on Harper & Peterson but filed no documents with the district court, did not secure legal representation in Minnesota, and did not appear before the district court at the hearing on Harper & Peterson's motion for declaratory judgment. The district court granted Harper & Peterson's motion. This appeal follows.

## D E C I S I O N

### I.

Seckinger asserts violations of his due-process rights. We review due-process challenges de novo. *Thole v. Comm'r of Pub. Safety*, 831 N.W.2d 17, 19 (Minn. App. 2013), *review denied* (Minn. July 16, 2013).

"Due process requires that deprivation of property be preceded by notice and an opportunity to be heard." *Comm'r of Nat. Res. v. Nicollet Cty. Pub. Water/Wetlands Hearings Unit*, 633 N.W.2d 25, 29 (Minn. App. 2001), *review denied* (Minn. Nov. 13, 2001). The degree of notice "varies with the circumstances and conditions of each case." *Id.* (quotation omitted). Generally, in civil cases, a copy of the summons and complaint and every written motion shall be served upon the opposing parties. Minn. R. Civ. P. 3.02, 5.01, 6.04. "The purpose of the summons is to give the defendants notice that a proceeding has been instituted against them . . . ." *Peterson v. W. Davis & Sons*, 216 Minn. 60, 64, 11 N.W.2d 800, 803 (1943).

3

Here, Harper & Peterson served its summons and complaint on Seckinger in August 2015. While Seckinger timely served his answer on Harper & Peterson, he did not file his answer in district court. After the case was filed in district court, Harper & Peterson served Seckinger with its notice of motion and motion for declaratory judgment. Seckinger, through his brother,[1] attempted to file two responses to the declaratory-judgment motion. But the district court returned these documents because his brother failed to include the proper filing fee and did not provide the district court with a certificate of his representation of Seckinger. Neither Seckinger nor someone on his behalf appeared at the hearing before the district court. Because Seckinger had notice of the proceedings and had an opportunity but did not appear in district court, we conclude that his procedural due-process rights were not violated with respect to notice of the proceedings.

Seckinger asserts that the lack of "plain, unambiguous notice" from the district court and Harper & Peterson of the district court's filing requirements violated his due-process rights. We disagree.

We have "repeatedly emphasized that pro se litigants are generally held to the same standard as attorneys and must comply with court rules." *Black v. Rimmer*, 700 N.W.2d 521, 527 (Minn. App. 2005), *review dismissed* (Minn. Sept. 28, 2005). "Unfamiliarity with procedural rules is not good cause to excuse untimely action." *Heinsch v. Lot 27, Block 1 For's Beach, § 21, Twp. 69, Range 21 (Unorganized Twp.)*, 399 N.W.2d 107, 109 (Minn.

---

[1] Seckinger's brother is a professor of law at an academic institution in another state. He is not licensed to practice law in the State of Minnesota.

App. 1987). The applicable laws that govern the requirements for filing documents in district court are all published by statute or rule.

"All documents after the complaint required to be served upon a party . . . *shall be filed with the court* within a reasonable time after service . . . ." Minn. R. Civ. P. 5.04(b) (emphasis added). And any party responding to a motion "shall pay any required motion filing fee," serve a memorandum of law and any supplementary affidavits and exhibits on the opposing party, and "*file the documents with the court* administrator at least 9 days prior to the hearing." Minn. R. Gen. Pract. 115.03(b) (emphasis added). The district court may reject a document for filing if it is "tendered without a required filing fee." Minn. R. Civ. P. 5.04(c). In civil cases, all filing fees must be paid in advance, and the district court shall not proceed on a case "until the full amount of the same is paid." Minn. Stat. § 357.021, subd. 3 (2016). The fee for filing an answer in district court is $310, and the fee for filing a motion or response to a motion is $100. Minn. Stat. § 357.021, subd. 2(1), (4) (2016).

Because published laws and rules provide a pro se litigant with adequate notice of the district court's filing requirements, we conclude that Seckinger had adequate notice of the proceedings and the district court's filing requirements; his due-process rights were therefore not violated.

## II.

Seckinger argues that the district court lacked jurisdiction to consider the motion for declaratory judgment because it was prematurely filed and because he did not file his

5

answer with the district court. "Whether a court has jurisdiction is a question of law, subject to de novo review." *Rupp v. Mayasich*, 561 N.W.2d 555, 558 (Minn. App. 1997).

District courts do not have jurisdiction to rule on a motion for declaratory judgment until the minimum time allowable by law has passed. *Tri-State Ins. Co. of Minn. v. Bontjes*, 488 N.W.2d 845, 847 (Minn. App. 1992). Any party seeking "a declaratory judgment may, at any time after the expiration of 20 days from the service of the summons, . . . move with or without supporting affidavits for a summary judgment in the party's favor." Minn. R. Civ. P. 56.01. Here, Harper & Peterson served Seckinger with its complaint on August 24, 2015, and it moved the district court for an order seeking declaratory judgment on March 28, 2016. Because Harper & Peterson brought a declaratory-judgment motion before the district court more than seven months after the service of the summons, we conclude that the motion was not premature.

Seckinger asserts that, because he did not file his answer in district court, Harper & Peterson's motion for declaratory judgment should have been treated as a default-judgment motion. But default judgment is not appropriate unless the party against whom a judgment is sought "fails to plead or otherwise defend a claim within the time allowed by the law." *Doe v. Legacy Broad. of Minn., Inc.*, 504 N.W.2d 527, 528 (Minn. App. 1993); *see also* Minn. R. Civ. P. 55.01. A defendant properly pleads by *serving* his answer within the prescribed time limits. Minn. R. Civ. P. 12.01. Here, because Seckinger timely served his answer, we conclude that the district court properly considered the declaratory-judgment motion.

**III.**

Seckinger argues that Harper & Peterson's failure to disclose to the district court his answer and responses to the declaratory-judgment motion, which were not filed, resulted in a miscarriage of justice because those documents demonstrated genuine issues of material fact that would have precluded declaratory judgment. But we are bound to the district court record and may not base our decision "on matters outside the record on appeal." *Thiele v. Stich*, 425 N.W.2d 580, 582-83 (Minn. 1988). The record on appeal includes only documents that were filed in district court. Minn. R. Civ. App. P. 110.01. Here, Seckinger's answer and other documents are not part of the record on appeal because they were not filed in district court. We, therefore, cannot review them.

Seckinger maintains that Harper & Peterson cannot satisfy its burden to demonstrate that there are no disputes of material fact because he clearly disputed the facts. Based on a thorough review of the record, we disagree. "On appeal from summary judgment, we must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law." *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011). "The construction and effect of an unambiguous contract present questions of law . . . ." *Dorsey & Whitney, LLP v. Grossman*, 749 N.W.2d 409, 417-18 (Minn. App. 2008). A contract is ambiguous if "it is reasonably susceptible of more than one interpretation." *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn. 2003).

The district court record demonstrates that Seckinger's claim stems from his interpretation of the retainer agreement. In one of his initial e-mails to Harper & Peterson

7

regarding the disputed $30,000, Seckinger stated that his "sole purpose in this is to communicate [his] interpretation of [their] Retainer Agreement that [they] entered into back in October 2005." The retainer agreement states that Seckinger "agrees to pay all costs of investigation, preparation and trial of case, and authorize[s] [Harper & Peterson] to deduct their fee and such costs from the proceeds recovered." Because this language is not susceptible to more than one reasonable interpretation, we conclude that the retainer agreement is unambiguous. Because the interpretation of the retainer agreement is a question of law and there are no other genuine issues of material fact, declaratory judgment was proper.

**Affirmed.**