**STATE of Minnesota, Respondent,**

v.

**Kenneth Wayne ARNOLD, Appellant.**

**No. C4-85-909.**

Court of Appeals of Minnesota.

July 23, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., John E. DeSanto, Asst. Co. Atty., Duluth, for respondent.

Robert E. Lucas, Duluth, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

**OPINION**

PARKER, Judge.

This sentencing appeal involves the authority of the trial court to extend probation beyond the limits of the statutory term for the offense. Appellant Kenneth Arnold

was convicted in 1977 and was sentenced to five years (execution stayed). In May 1985 he was ordered to pay restitution or serve 90 days in jail. On appeal Arnold contends the trial court's action was improper because it had no further authority over him as he had completed serving his sentence. We agree and reverse.

## FACTS

On July 1, 1977, Arnold pleaded guilty to theft in violation of Minn.Stat. § 609.52, subd. 3(2) (1976). He was sentenced to five years, the maximum sentence for this offense. Execution of sentence was stayed, and Arnold was placed on probation for five years. In addition, he was required to serve the first 90 days in jail and to make full restitution.

On June 24, 1982, Arnold appeared in court for violating his probation (failing to make full restitution and failing to keep the probation officer informed of his whereabouts). The trial court continued Arnold's probation to July 1, 1983, in order to afford him time to make the restitution. The court ordered that probation would be terminated upon payment if restitution were made prior to that time.

On June 7, 1983, Arnold again appeared in court for failing to pay the restitution as required. At this time Arnold had reduced the restitution from approximately $2,200 to $1,500. Arnold signed an agreement, witnessed by his probation officer and his attorney, which required that he complete 310 hours of community service in lieu of the balance of the restitution. He acknowledged that violation of the agreement would constitute a violation of probation.

Between June 7, 1983, and August 1983 Arnold completed 121 hours of community service. In August 1983 he left the state and resided in California until May 1985, when he returned to Minnesota.

A hearing was held on May 14, 1985, in which Arnold admitted he had not paid his restitution and had not kept in contact with his probation officer. The trial court found Arnold in violation of his probation and ordered him to pay the balance of the resti-

tution immediately or serve 90 days in jail. At the hearing Arnold's counsel argued that because five years had elapsed from his original sentence in 1977, the probation was not violated since by operation of law his sentence had already expired.

## ISSUE

Did the trial court have the authority to extend probation beyond the statutory limit for the offense?

## DISCUSSION

Minn.Stat. § 609.135 provides that a sentencing court may stay execution of sentence and place the defendant on probation. Under subdivision 2(1), "[i]n case the conviction is for a felony such stay shall be for not more than the maximum period for which the sentence of imprisonment might have been imposed." The advisory committee comments to this section state, "[i]ndefinite suspension of sentence * * * has not been provided for. Instead, Subd. 2 fixes the limits for which the stay may be imposed." The maximum term for a stay of execution of sentence is the same as the statutory maximum sentence. *See State v. Hague*, 304 Minn. 139, 143, 229 N.W.2d 168, 170 (1975); *State v. Jannetta*, 355 N.W.2d 189, 195 (Minn.Ct.App.1984).

Under § 609.14, subd. 3 (1976), when a defendant whose sentence was imposed, but execution was stayed, violates a condition of probation, the trial court may continue *such* stay, order noninstitutional sanctions or order execution of sentence. Under § 609.135, subd. 2(4), "[a]t the expiration of such stay, unless the stay has been revoked or the defendant discharged prior thereto, the defendant shall be discharged."

Arnold's probationary sentence was completed June 30, 1982. Section 609.14, subd. 3, must be read in conjunction with § 609.-135, subd. 2(1). The probationary sentence in this case cannot exceed the statutory maximum sentence of five years. Thus, on June 24, 1982, the trial court could have continued probation for one week or exe-

cuted the sentence. There is no authority which would allow for continuing probation either for one year, as in this case, or indefinitely. Under Minn.Stat. § 609.095, "[n]o other or different sentence or punishment shall be imposed for the commission of a crime than is authorized by this chapter or other applicable law."

### DECISION

The trial court had no authority to continue appellant's probation beyond the statutory maximum sentence for the offense. As such, the trial court had no further authority over appellant in 1985, and its order placing appellant in jail for 90 days must be reversed.

Reversed.