**STATE of Minnesota, Respondent,**

v.

**Richard Flint BELFRY, Appellant.**

**No. C1–88–1689.**

Court of Appeals of Minnesota.

Nov. 22, 1988.

Review Denied Jan. 25, 1989.

See also 416 N.W.2d 811, 353 N.W.2d 224.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Paul W. Chamberlain, Chamberlain Law Firm, Wayzata, for appellant.

Considered and decided by PARKER, RANDALL and BOWEN,* JJ., without oral argument.

* Acting as judge of the Court of Appeals by ap-

## OPINION

PARKER, Judge.

Richard Belfry appeals from an order which extended the duration of his probation for 14 months so that Belfry could complete the restitution payments ordered as a condition of his probation. We affirm.

## FACTS

Belfry swindled eight people out of a significant amount of money through various car transactions in 1980 and 1981. A jury found him guilty of theft by swindle of an amount over $2,500 on April 22, 1983. The trial court sentenced him to an indeterminate sentence of zero to ten years, stayed the sentence, and placed him on five years of probation with the first year to be served in the workhouse. The court also conditioned Belfry's probation on his making restitution to the victims.

Between 1983 and 1985, Belfry appealed to this court both his conviction and the order for restitution. Both decisions were affirmed. On June 3, 1988, because restitution in the amount of $4,819.41 had not yet been paid and Belfry's probation was due to expire on July 17, 1988, the state moved for extension of probation until the amount of restitution was satisfied. The trial court ordered a five-year extension. Belfry protested and, after a hearing, the court amended its June 3 order to read, "Probation is hereby extended to September 17, 1989 because payment of restitution was suspended for 14 months during appeal proceedings." The court expressly stated that the order was not based on payments missed due to unemployment. Belfry appeals the extension of probation.

## ISSUE

Did the trial court err in extending Belfry's probation by 14 months for failure to make restitution?

## DISCUSSION

Belfry argues that a court cannot extend probation without first revoking it. For this assertion he relies on a 1946 opinion of

pointment pursuant to Minn. Const. art. VI, § 2.

the attorney general. In order to revoke probation, a trial court must use a three-step analysis outlined by the Minnesota Supreme Court:

[T]he court must 1) designate the specific condition or conditions that were violated; 2) find that the violation was intentional or inexcusable; and 3) find that need for confinement outweighs the policies favoring probation.

*State v. Austin,* 295 N.W.2d 246, 250 (Minn.1980).

Missed restitution payments justify revocation only in cases of willful failure to pay or failure to attempt to pay. *State v. Fritsche,* 402 N.W.2d 197, 201 (Minn.Ct. App.1987). In the absence of any showing that he intentionally or willfully failed to make restitution, Belfry argues the court could not revoke his probation and therefore could not extend it.

The state contends that extension of probation without prior revocation is within the court's power and is a proper exercise of its discretion. It claims that extension of probation is a "less grievous loss" than revocation, demanding fewer procedural safeguards than revocation. We agree.

Revocation of probation resulting in imprisonment should be used only as a last resort and requires full due process protection for the probationer. *See Bearden v. Georgia,* 461 U.S. 660, 673, 103 S.Ct. 2064, 2073, 76 L.2d 221 (1983). Revocation involves a serious loss. The probationer loses his freedom and goes to jail. The United States Supreme Court has suggested that alternatives to revocation should be used whenever possible. In *Bearden* the court held that a probationer who had made bona fide efforts to make restitution could not be imprisoned unless alternative means were not adequate to meet the state's interest in punishment and deterrence. *Id.* The court mentioned possible alternatives for enforcement, including extension of the time for making payments, reduction of the fine, and public service in lieu of a fine. *Id.*

On June 13, 1988, in response to Belfry's motion in opposition to extension, a hearing was held in district court. Lawyers for the state and Belfry appeared and argued at that hearing. The trial court did not determine whether Belfry had made bona fide efforts to meet his restitution obligations. It stated only that payments were suspended while Belfry brought his appeal. Extension of the time for restitution allows for a less severe loss to the probationer while fulfilling the state's interest in seeing that the victims are compensated for their loss.

This court implicitly authorized extension of probation without prior revocation when we held that probation extension may not cause the total probationary term to exceed the original statutory maximum sentence. *State v. Arnold,* 371 N.W.2d 253, 254 (Minn.Ct.App.1985). Belfry was originally sentenced to an indeterminate sentence of zero to ten years. He has served five years of probation and paid slightly more than half of his restitution obligation. Even with an additional 14 months to make the outstanding restitution payments, Belfry's term will not exceed the statutory maximum sentence.

Therefore, in light of *Bearden* and *Arnold,* we hold that probation extension is an available option for a trial court with the limitation that the total term of probation cannot exceed the statutory maximum sentence for the offense. The trial court did not need to revoke Belfry's probation before it could extend it for 14 months.

We also find it disingenuous of Belfry to spend a considerable amount of money on this meritless appeal when he claims that he is unable to make restitution to the victims of his crime. He bases his appeal on a 1946 attorney general opinion which would appear to be inconsistent with the 1983 United States Supreme Court suggestion in *Bearden v. Georgia* that extension be considered as one alternative to revocation. In consideration of the victims awaiting restitution, however, we refrain from imposing attorney's fees.

## DECISION

AFFIRMED.