**STATE of Minnesota, Respondent,**

v.

**Thomas W. BRAUN, Appellant.**

No. C2–91–2456.

Supreme Court of Minnesota.

July 17, 1992.

GARDEBRING, Justice.

We granted review in this case for the limited purpose of modifying the sentence of defendant, Thomas W. Braun, to that originally imposed by the trial court.

In 1983 defendant pleaded guilty to two counts of criminal sexual conduct in the second degree. The trial court, without having to give reasons therefor, could have sentenced defendant to consecutive 21–month prison terms—that is, an aggregate term of 42 months. Or the trial court, using the so-called *Hernandez* method [1] of computing defendant's criminal history score for the second offense, was free to sentence defendant to *concurrent* terms of 21 (zero criminal history score) and 26 (criminal history score of one) months in prison.

If the trial court had wanted to place defendant on probation and yet be certain of keeping open the option of using consecutive sentencing, it should not have done what it did, which was to stay imposition of the sentence for the one offense and impose but not execute a 26–month sentence for the second offense under the *Hernandez* method. Since the trial court used the *Hernandez* method (which one uses only when sentencing concurrently [2]) and since the presumption is that the sentence is concurrent if the trial court does not say whether a sentence is concurrent or consecutive,[3] the trial court in effect made the second sentence a concurrent sentence.

Defendant violated probation in 1989. The trial court decided to continue defendant on probation. However, the trial court revoked the stay of imposition for the first offense by imposing the 21–month presumptive sentence and reduced the 26–month sentence for the second 1983 offense to 21 months but made it run consecutively to the first sentence, thereby giving defendant an aggregate sentence of 42 months.

■ Defendant did not have to appeal *then* in order to preserve any claim that

John M. Stuart, State Public Defender, Steven P. Russett, Asst. State Public Defender, St. Paul, for appellant.

Julius E. Gernes, Winona County Atty., Timothy J. Guth, Asst. Winona County Atty., Winona, and Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

---

1. *See State v. Hernandez,* 311 N.W.2d 478 (Minn. 1981).

2. *See* Minnesota Sentencing Guidelines II.F.

3. *See* Minn.Stat. § 609.15, subd. 1.

the use of consecutive sentencing was erroneous.

In 1991 defendant again violated probation. The trial court revoked probation and sent defendant to prison, executing the two consecutive 21–month terms imposed in 1989. At that point defendant raised the issue of the appropriateness of using consecutive sentencing, arguing that the trial court in effect had used concurrent sentencing for the second offense in 1983 and that the court was not free to change this in 1989 and make a longer sentence possible if defendant again violated probation.

The trial court in effect used concurrent sentencing when it used the *Hernandez* method in 1983 and imposed a 26–month sentence for the second offense. By doing so, the trial court created a bar to later doing anything that would subject defendant to a longer term in prison than could be obtained using concurrent sentencing. Minn.R.Crim.P. 27.03, subd. 9, while allowing a trial court to reduce a sentence during either a stay of execution or stay of imposition, does not allow the trial court to increase a sentence in these circumstances. *State v. Hockensmith*, 417 N.W.2d 630, 632–33 (Minn.1988). The trial court was not free in 1989 to increase defendant's sentence by switching from concurrent to consecutive sentencing.

Accordingly, defendant is granted this limited relief: (a) his 1989 sentence of 21 months for the second offense is vacated and the original 1983 sentence of 26 months is reinstated, and (b) the 1989 order directing the second sentence to run consecutively to the sentence for the first offense is modified so that the sentence for the second offense will run concurrently with that for the first offense.

Affirmed as modified.