**Brady Michael Alton FREEMAN, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A11–215.

Court of Appeals of Minnesota.

Sept. 26, 2011.

Joseph S. Friedberg, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN, James C. Backstrom, Dakota County Attorney, Tricia A. Loehr, Assistant County Attorney, Hastings, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge; WORKE, Judge; and CONNOLLY, Judge.

## OPINION

WORKE, Judge.

Appellant argues that the district court erred in concluding that he was precluded from petitioning for postconviction relief from his petty-misdemeanor speeding offense because the Minnesota Postconviction Relief Act is available only to those convicted of crimes, which petty misdemeanors are not. We affirm.

## FACTS

On January 11, 2010, appellant Brady Michael Alton Freeman was stopped and cited for speeding, in violation of Minn. Stat. § 169.14, subd. 2(a)(2) (2008).

The district court commenced a trial on March 24, 2010. Appellant appeared pro se and moved the district court to dismiss the charge because the state failed to provide timely discovery, which prevented him from adequately preparing for trial. The district court found that appellant was not prejudiced and trial proceeded. The state called its first witness, the citing officer, who was sworn and examined by the prosecutor. The officer testified that he issued appellant a citation after radar indicated that appellant was traveling "88 in a 65 zone."

The district court asked appellant if he had any questions for the officer. Appellant asked the officer if a video turns on in a squad car when an officer activates his red lights. The officer stated that there was a video and that he had it with him. The district court then stated, "Okay. What we'll do, I think, is continue this so [appellant] can see the video and give him another trial date." On April 7, 2010, the matter resumed with a different presiding district-court judge. Following a trial, the district court found appellant guilty of speeding.

On November 1, 2010, appellant petitioned for postconviction relief, claiming that he was subjected to double jeopardy when his trial was continued before a different district-court judge and the district court allowed the state to conduct a full, new direct examination of the citing officer. The district court denied appellant's postconviction-relief petition, concluding that appellant was not subjected to double jeopardy. Moreover, the district court concluded that postconviction relief is not available to appellant, who was found guilty of a petty misdemeanor, because a petty misdemeanor is not a crime for which the postconviction relief act provides a remedy. This appeal followed.

## ISSUE

Did the district court err in concluding that appellant is not entitled to postconviction relief because he was convicted of a petty misdemeanor, which is not a crime?

## ANALYSIS

■ Appellant argues that the district court erred in concluding that he is not entitled to postconviction relief because the postconviction relief act is available only to individuals convicted of crimes and appellant was convicted of a petty misdemeanor, which is not considered a crime. Whether postconviction relief is available to an individual found guilty of a petty misdemeanor involves statutory interpretation. Statutory interpretation is a question of law subject to de novo review. *State v. Coauette*, 601 N.W.2d 443, 445 (Minn.App.1999), *review denied* (Minn. Dec. 14, 1999).

■ The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn.Stat. § 645.16 (2010). When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, the court interprets the language according to its plain meaning without resorting to other principles of statutory construction. *State v. Kelbel*, 648 N.W.2d 690, 701 (Minn.2002).

The postconviction relief act provides that:

> Except at a time when direct appellate relief is available, a person *convicted of a crime* ... may commence a proceeding to secure relief by filing a petition in district court in the county in which the conviction was had to vacate

and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate.

Minn.Stat. § 590.01, subd. 1 (2010) (emphasis added). A "crime" is "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Minn. Stat. § 609.02, subd. 1 (2010). A "petty misdemeanor" is an "offense which is prohibited by statute, which *does not constitute a crime* and for which a sentence of a fine of not more than $300 may be imposed." *Id.*, subd. 4a (2010) (emphasis added).

■ Based on the plain meaning of the statute, postconviction relief is available to an individual convicted of a crime. *See* Minn.Stat. § 590.01, subd. 1. But a petty misdemeanor is defined as an offense that "does not constitute a crime." *See* Minn. Stat. § 609.02, subd. 4a; *cf. In re Welfare of D.D.B.*, 596 N.W.2d 666, 667 (Minn.App. 1999) (noting that because it could not be punished by incarceration, ordinance violation was not a crime). Thus, postconviction relief is not available to an individual convicted of a petty-misdemeanor offense, because such an offense is explicitly defined as not constituting a crime.[1]

Appellant argues that Minnesota courts, however, have long considered postconviction relief for offenses not historically defined as crimes. Appellant suggests that *Smith v. State* supports this proposition. 301 Minn. 455, 223 N.W.2d 775 (1974). But *Smith* does not support this proposition, because the court in *Smith* held that "an ordinance violation, *when punishment includes* confinement, is a crime for the purpose of the postconviction remedy statute." *Id.* at 457–58, 223 N.W.2d at 777 (emphasis added). A sentence for a petty-misdemeanor offense is "a fine of not more than $300." Minn.Stat. § 609.02, subd. 4a. Punishment for a petty misdemeanor cannot include confinement; thus, *Smith* is inapposite.

Similarly, appellant cites *City of St. Paul v. Whidby*, 295 Minn. 129, 203 N.W.2d 823 (1972). The court in *Whidby* held that a violation of a municipal ordinance may be treated as a criminal case when the "violation . . . *may result in the penalty of incarceration.*" 295 Minn. at 144, 203 N.W.2d at 832 (emphasis added). But the court specifically stated, "We see no reason for treating petty offenses as defined in Minn.Stat. [§ ] 609.02, subd. 4a . . . as criminal cases because they do not provide for incarceration as a penalty." *Id.* Thus, Minnesota courts have permitted postconviction relief for offenses not historically defined as crimes, but only when punishment includes incarceration. Again, by statutory definition, an individual cannot be incarcerated for a petty-misdemeanor offense. *See* Minn.Stat. § 609.02, subd. 4a (stating that a sentence for a petty-misdemeanor offense is "a fine of not more than $300").

We have not explicitly addressed the issue of whether a petty misdemeanant may seek postconviction relief, perhaps because the statute unambiguously defines a

---

1. Some procedural protections afforded to those charged with crimes also apply to petty-misdemeanor prosecution. *See* Minn. R.Crim. P. 23.05, subd. 3 (providing that presumption of innocence applies in petty-misdemeanor cases as well as the procedure applicable generally to misdemeanor cases, except as provided otherwise); *See also State v.* *Tessema*, 515 N.W.2d 626, 627 (Minn.App. 1994) (noting that petty misdemeanors are treated as misdemeanors for purposes of appeal). By holding that postconviction relief is not available to petty misdemeanors, we do not question the quasi-criminal status of petty misdemeanors in regards to other procedure.

petty misdemeanor as not constituting a crime. The Minnesota Supreme Court, however, has stated that postconviction relief is available to an individual convicted of a misdemeanor-level offense because an individual may be sentenced to incarceration. *Morris v. State*, 765 N.W.2d 78, 82 (Minn.2009). The court then noted:

> We need not and do not decide whether the Postconviction Remedy Act applies to a defendant who received a sentence that carries a fine of less than $300 and does not involve the possibility of incarceration, because those facts are not presented here. But, we note that Minn.Stat. § 609.02, subd. 4a (2008), provides that an offense for which a sentence of only a fine of not more than $300 may be imposed does not constitute a crime.

*Id.* at 82 n. 1. Thus, while not deciding the issue, the supreme court has indicated that postconviction relief is not available to a petty misdemeanant because a petty misdemeanor does not constitute a crime, which is consistent with our reasoning and holding in this matter.

Appellant was found guilty of speeding, in violation of Minn.Stat. § 169.14, subd. 2(a)(2). The district court imposed an $80 fine and an $80 surcharge. A petty misdemeanor is an offense prohibited by statute, for which the sentence of a fine of not more than $300 may be imposed. Minn. Stat. § 609.02, subd. 4a. Minn.Stat. § 609.02, subd. 4a, unambiguously states that a petty misdemeanor "does not constitute a crime." Minn.Stat. § 590.01, subd. 1, specifically applies to an individual "convicted of a crime"; thus, the district court correctly determined that postconviction relief is not available to appellant.

Appellant poses a second argument, claiming that postconviction relief should

be available to petty misdemeanants because this court has considered appeals of petty-misdemeanor offenses. But the cases appellant cites are all unpublished cases, which are not binding authority. *See* Minn.Stat. § 480A.08, subd. 3 (2010) (stating that unpublished opinions of court of appeals are not precedent). And, as appellant concedes, this court disposed of the cases on the merits; the availability of postconviction relief was not an issue raised on appeal in those matters. *See generally State v. Thoma*, 569 N.W.2d 205, 207 (Minn.App.1997) (noting that appellate decision on merits that does not decide jurisdictional problem is not precedent on appellate jurisdiction), *aff'd mem.*, 571 N.W.2d 773 (Minn.1997).

■ Finally, appellant argues that postconviction relief should be available to petty misdemeanants because of collateral consequences that may follow a petty-misdemeanor conviction. Appellant suggests that these consequences may include the loss of United States residency, forfeiture of public office, disqualification from a licensed profession, and loss of pension benefits. Appellant also claims that an individual with a petty-misdemeanor offense on his record may lose employment, housing, disability benefits, or face immigration consequences. But appellant does not claim that any of those collateral consequences followed his petty-misdemeanor speeding violation. And Minnesota courts do not grant postconviction relief because of claimed harsh results of collateral consequences alone. *See, e.g., Kaiser v. State*, 641 N.W.2d 900, 907 (Minn.2002). Therefore, if postconviction relief is not granted as a result of existing collateral consequences, then a petty misdemeanant is not entitled to seek postconviction relief because of collateral consequences.[2]

---

2. We note that appellant could have filed a direct appeal in his case, as a petty misde-

The district court did not err in applying the unambiguous statutory language to appellant's petition for postconviction relief; based on the applicable statutes, a petty misdemeanor does not constitute a crime and postconviction relief is available only to individuals convicted of crimes. Because we determine that postconviction relief is unavailable to appellant, we decline to address the merits of appellant's argument on double jeopardy.

## DECISION

Because appellant was found guilty of a petty-misdemeanor offense, which is not a crime, the district court did not err in determining that postconviction relief was unavailable.

**Affirmed.**

meanant is not denied a right to appeal and challenge the conviction. *See State v. Tessema*, 515 N.W.2d 626, 626 (Minn.App.1994) (stating that a petty misdemeanor is treated as a misdemeanor for purposes of appeal); Minn. R.Crim. P. 28.02, subd. 4(3)(b) (stating that in misdemeanor cases, an appeal must be filed within 10 days after final judgment or after entry of the order being appealed).