**STATE of Minnesota, Appellant,**

v.

**Malena Maria BARRIENTOS, Respondent.**

No. A12–150.

Court of Appeals of Minnesota.

July 9, 2012.

Lori Swanson, Attorney General, St. Paul, MN, Craig S. Nelson, Freeborn County Attorney, David J. Walker, Assistant County Attorney, Albert Lea, MN, for appellant.

David W. Merchant, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, MN, for respondent.

Considered and decided by CONNOLLY, Presiding Judge; LARKIN, Judge; and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

Appellant state argues that the district court erred by denying its request to ex- tend respondent's probationary period up to the statutory maximum for the offense of which she was convicted, after she failed to pay court-ordered restitution. Because the district court is only authorized by statute to extend probation for two one-year periods for failure to pay restitution, we affirm.

## FACTS

In 2006, respondent Malena Maria Barrientos pleaded guilty to second-degree burglary. She and two others were linked to, but not charged with, several other burglaries in Freeborn County. The district court sentenced respondent to 23 months in prison, stayed execution of the sentence, and placed her on probation for five years, with probation to expire on June 1, 2011. The statutory maximum sentence for the offense of which respondent was convicted is ten years. As a condition of probation, respondent was ordered to pay restitution to the victims of all the burglaries, including those not charged; she was required to pay $7,599.77 jointly and severally with her co-defendants and $13,837.83 individually, with monthly payments of no less than $230.

As of April 2011, respondent had paid restitution of less than $1,000. The state moved the district court for an order extending respondent's probation for an additional five years; granting that request would result in respondent's probation period coinciding exactly with the statutory maximum sentence. After a hearing, the district court ordered that respondent's probation be extended for five years, to May 31, 2016.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

At a subsequent hearing in December 2011, however, respondent moved for a reduction in the probation extension to one year, arguing that the court did not have authority to extend the probationary period based on a failure to pay restitution for more than one year at a time, up to a total of two years. The district court agreed and issued an amended order extending respondent's probation expiration date to June 1, 2012. This appeal by the state followed.

## ISSUES

Did the district court err by denying the state's motion to extend respondent's probationary period to the statutory maximum for failure to pay court-ordered restitution?

## ANALYSIS

■ This matter presents an issue of statutory interpretation, a question of law that we review de novo. *Freeman v. State*, 804 N.W.2d 144, 145 (Minn.App. 2011), *review denied* (Minn. Dec. 13, 2011). When interpreting a statute, our task is to ascertain and give effect to the legislature's intent. *Id.* If the language of a statute is not ambiguous, this court interprets it in accordance with its plain meaning. *Id.* It is presumed that the legislature intends the entire statute to be effective. Minn.Stat. § 645.17 (2010).

At sentencing, the district court may stay imposition or execution of a felony sentence for up to a term equal to the statutory maximum sentence for the offense. Minn.Stat. § 609.135, subds. 1(a)(2), 2(a) (2010). As part of a probationary sentence, the district court may impose conditions or intermediate sanctions, such as jail time, various types of monitoring, work requirements, fines, or restitution. *Id.*, subd. 1(a), (b).

■ If a defendant fails to pay court-ordered restitution according to the payment schedule, the district court, upon motion by an interested party, may hold a hearing to determine if "the conditions of probation should be changed or probation should be revoked," or if the matter should be referred to collections. Minn.Stat. § 609.135, subd. 1a (2010). The hearing must be held before expiration of the term of probation. *Id.* Subdivision 1a gives the district court three dispositional options: (1) modify the conditions of probation; (2) revoke probation and execute the sentence; or (3) refer the matter to collections.

Subdivision 1a also permits the district court to take action under subdivision 2(g) of that statute, which states:

> Notwithstanding the maximum periods specified for stays of sentences under paragraphs (a) to (f), a court may extend a defendant's term of probation for up to one year if it finds, at a hearing conducted under subdivision 1a, that: (1) the defendant has not paid court-ordered restitution in accordance with the payment schedule or structure; and (2) the defendant is likely to not pay the restitution the defendant owes before the term of probation expires.

Minn.Stat. § 609.135, subd. 2(g) (2010). After a second hearing, an additional one-year extension may be imposed if the defendant again fails to pay restitution. *Id.* This subdivision thus authorizes the district court to extend probation twice, in one-year increments.[1]

1. Based on the language "[n]otwithstanding the maximum periods specified for stays of sentences," section 609.135, subd. 2(g), also could be interpreted to permit the district court to extend probation by up to two years beyond the statutory maximum sentence, as the district court noted in its memorandum to the amended order. This question is not before us here.

The state urges us to consider our decisions in *State v. Arnold*, 371 N.W.2d 253 (Minn.App.1985), and *State v. Belfry*, 431 N.W.2d 572 (Minn.App.1988), *review denied* (Minn. Jan. 25, 1989), arguing that together these cases support the proposition that a probationary period can be extended to the statutory maximum for failure to pay restitution. There is scant, if any, support in these two cases for the argument the state makes.

In *Arnold*, we rejected an attempt to execute a stayed sentence made after the term of probation had expired. 371 N.W.2d at 254. The term of probation has not expired in the case before us. In *Belfry*, we permitted the district court to extend the defendant's probation by 14 months because he had refused to make restitution payments during his appeals of his conviction and the restitution order, a 14-month period. The district court's decision and our affirmance in *Belfry* were clearly predicated on the defendant's suspension of payments during the period of time devoted to appeals. 431 N.W.2d at 573. That situation is not present in the case before us. And, importantly, both *Arnold* and *Belfry* predate the addition of subdivision 2(g) to the statute, thus substantially limiting any applicability they might otherwise have had here.

■ When interpreting or construing a law, we may not ignore the plain meaning of a statute "under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (2010). Subdivision 2(g) states that the court "may extend a defendant's term of probation for up to one year" for failure to pay court-ordered restitution, with the possibility of a second year after a second hearing. It does not state that the court may extend a defendant's term of probation up to the statutory maximum. The language of this statute is not ambiguous, and we are constrained to interpret the statute according to its plain language. *See Freeman*, 804 N.W.2d at 145.

■ Our interpretation of subdivision 2(g) is also in accordance with general sentencing principles. The sentencing court must "[s]tate precisely the terms of the sentence." Minn. R.Crim. P. 27.03, subd. 4(A). "If the court stays imposition or execution of sentence ... [t]he court must state the length of the stay ... [and] must tell the defendant that the noncustodial probation time will not be credited against a future prison term if the stay is revoked." *Id.*, subd. 4(E). These provisions indicate that the length of a stay of execution or probation is an important element of a sentencing decision that must be stated with precision, suggesting that absent other circumstances, the length of a stay cannot be altered lightly. *See State v. Braun*, 487 N.W.2d 232, 234 (Minn.1992) (stating that a sentence that was authorized by law at the time of sentencing cannot be increased at a later time); *State v. Montjoy*, 354 N.W.2d 567, 568 (Minn.App. 1984). ("The Constitution prohibits resentencing to a term which is within the original authority of the sentencing court but greater than the term properly chosen when sentencing first occurred.").

### DECISION

Minn.Stat. § 609.135, subd. 2(g) authorizes the district court, after a hearing, only to increase a probationary term by up to two one-year periods when a defendant fails to pay court-ordered restitution. We conclude, therefore, that the district court did not err by extending respondent's probationary term by one year and by refusing to extend the probationary term up to the statutory maximum.

**Affirmed.**