STATE of Minnesota, Appellant,

v.

Malena Maria BARRIENTOS,
Respondent.

No. A12–0150.

Supreme Court of Minnesota.

Sept. 25, 2013.

Lori Swanson, Attorney General, Saint Paul, MN; and Craig S. Nelson, Freeborn County Attorney, David J. Walker, Assistant Freeborn County Attorney, Albert Lea, MN, for appellant.

David W. Merchant, Chief Appellate Public Defender, Sean Michael McGuire, Assistant State Public Defender, Saint Paul, MN, for respondent.

## OPINION

WRIGHT, Justice.

In this case, we address the parameters of a district court's authority to extend the length of a defendant's probation for failure to pay court-ordered restitution. The district court concluded that Minn.Stat. § 609.135, subd. 2(g) (2012), limited its authority to grant an extension based on unpaid restitution to two separate one-year periods. The State appealed, and the court of appeals affirmed. We conclude that Minn.Stat. §§ 609.135, subd. 1a, and 609.14 (2012), grant a district court authority to extend a term of probation up to the statutory maximum based on a defendant's failure to pay restitution by the end of the originally imposed probation term. We therefore reverse.

Respondent Malena Maria Barrientos pleaded guilty to a single count of second-degree burglary. On June 2, 2006, the district court imposed a sentence of 23 months in prison, stayed the execution of that sentence, and placed Barrientos on probation for five years with an expiration date of June 1, 2011. The probation was subject to a number of conditions, including that Barrientos seek and maintain employment and pay restitution in an amount to be determined. Following a hearing, the district court ordered Barrientos to pay restitution of $21,437.60 in payments of not less than $230 per month until the total amount was paid in full. In 2010, after Barrientos failed to make the vast majority of payments ordered, the district

court reduced the minimum monthly restitution payments to $50.

On April 1, 2011, the probation officer submitted a progress report to the district court in anticipation of the expiration of Barrientos's probation term. The report indicated that Barrientos had completed all of her conditions, except the payment of restitution. Although Barrientos had complied with the district court's revised payment schedule of $50 per month, she still owed $20,894. The probation officer recommended discharging Barrientos from probation at the expiration of her term and turning over the restitution balance to collections or reducing it to a judgment. The State, however, moved to extend Barrientos's probation for an additional five years based on the unpaid restitution.

On May 3, 2011, the district court held a hearing at which Barrientos appeared pro se. The district court granted the State's motion and extended Barrientos's probation to facilitate continued payment of restitution. The district court reasoned that restitution was "a critical element of [Barrientos's] sentence and probation" and that, at her current rate of pay, it would take her more than 34 years to pay the remaining balance. The court, therefore, extended the term of probation for five years.

Approximately seven months later, Barrientos appeared before the district court in response to allegations that she had violated her probation conditions by failing to seek and maintain employment and failing to attend group supervision meetings. Barrientos, now represented by counsel, moved to amend the district court's order extending her probation by reducing the extension from five years to one year. Barrientos argued that Minn.Stat. § 609.135, subd. 2(g), authorizes only two one-year extensions of probation based on the failure to pay restitution and that the

district court therefore lacked authority to extend her probation beyond that limited one-year term. The State countered that the district court has inherent authority to extend a term of probation up to the statutory maximum and that section 609.135, subdivision 2(g), merely provides additional authority to extend probation for two one-year terms beyond the otherwise applicable statutory maximum.

The district court agreed with Barrientos and, on January 9, 2012, issued an order amending the extension of probation from five years to one year, resulting in a new probation expiration date of June 1, 2012. The State appealed, and the court of appeals affirmed. *State v. Barrientos*, 816 N.W.2d 675 (Minn.App.2012). The court of appeals concluded that Minn.Stat. § 609.135, subd. 2(g), "authorizes the district court, after a hearing, only to increase a probationary term by up to two one-year periods when a defendant fails to pay court-ordered restitution" and that the district court, therefore, was required to limit the extension of Barrientos's probation term to only one year and to refuse to extend it to the statutory maximum. *Barrientos*, 816 N.W.2d at 678.

While the State's appeal was pending, Barrientos's probation term expired and the district court ordered her discharged from probation. The district court acknowledged that the State had appealed the January 9, 2012 order to this court and stated in the discharge order that: "[i]f the [Minnesota] Supreme Court reverses the Court of Appeals the Defendant may be reinstated to the terms and conditions of probation."

I.

The State argues that Minn.Stat. § 609.14 grants district courts general authority to extend a defendant's probation period up to the statutory maximum when

she violates the terms or conditions of probation (including payment of restitution), and that section 609.135, subdivision 2(g), expands that general grant of authority to allow two additional one-year extensions *beyond* the statutory maximum in the specific situation in which a defendant fails to pay restitution. Barrientos argues that, even if the district court may generally extend a term of probation up to the statutory maximum for a violation of the probation conditions, section 609.135, subdivision 2(g), is an exception to that general rule and limits the district court's authority to extend probation based on failure to pay restitution. She argues that the more specific and later-enacted[1] provisions of section 609.135, subdivision 2(g), govern over the general provisions of section 609.14.

Resolution of the issues in this case requires the interpretation of Minn. Stat. §§ 609.135 and 609.14. Statutory interpretation presents a question of law, which we review de novo. *State v. Hodges*, 784 N.W.2d 827, 830 (Minn.2009). The object of statutory interpretation is to ascertain and effectuate the intent of the Legislature. *State v. Larson*, 605 N.W.2d 706, 713–14 (Minn.2000); *accord* Minn. Stat. § 645.16 (2012). When the text of the law is unambiguous, we apply the plain meaning of the statutory language without engaging in any further construction. Minn.Stat. § 645.16; *State v. Bluhm*, 676 N.W.2d 649, 651 (Minn.2004); *Gomon v. Northland Family Physicians, Ltd.*, 645 N.W.2d 413, 416 (Minn.2002). Only if the language is ambiguous are we called to look beyond the statute's text to ascertain the legislative intent. *Swanson v. Brewster*, 784 N.W.2d 264, 274 (Minn.2010).

A.

Barrientos was convicted of second-degree burglary, a crime with a maximum possible punishment of ten years' imprisonment. *See* Minn.Stat. § 609.582, subd. 2(a) (2012). Under Minn.Stat. § 609.135 (2012), a district court may stay the imposition or execution of the sentence and place the defendant on probation. Minn. Stat. § 609.135, subd. 1(a)(2). But the length of the stay—and thus the total term of probation—may not exceed the maximum term of imprisonment that might have been imposed for the underlying offense (in this case, ten years). Minn.Stat. § 609.135, subd. 2(a). As part of a probationary sentence, the district court may impose a variety of intermediate sanctions or conditions, including home detention, electronic monitoring, treatment, counseling, fines, community service, or restitution. Minn.Stat. § 609.135, subd. 1(a)(2), (b).

Section 609.14 and Minnesota Rule of Criminal Procedure 27.04 generally address the consequences of a defendant's violation of the conditions of probation or intermediate sanctions imposed by the district court. In the event of a violation, a defendant is entitled to a revocation hearing at which the district court determines whether grounds for revocation exist. *See* Minn.Stat. § 609.14, subd. 2; Minn. R.Crim. P. 27.04, subd. 3. If the district court finds that no violation occurred, the district court must continue the defendant on probation under the terms and conditions previously ordered. Minn.Stat. § 609.14, subd. 4; Minn. R.Crim. P. 27.04, subd. 3(2)(a). But if the district court finds that the defendant violated a condi-

1. Section 609.14 was part of the Criminal Code of 1963, ch. 753, art. 1, § 609.14, 1963 Minn. Laws 1185, 1195–96, whereas the provision now codified at section 609.135, subdivision 2(g), was originally enacted in 1991. *See* Act of June 3, 1991, ch. 279, § 28, 1991 Minn. Laws 1282, 1297–98.

tion of probation, both the statute and Rule 27.04 give the district court two basic options in the case of a defendant who has received a stay of execution of the sentence: (1) "continue such stay and place the defendant on probation or order intermediate sanctions in accordance with the provisions of section 609.135," or (2) "order execution of the sentence previously imposed." Minn.Stat. § 609.14, subd. 3(2); *see also* Minn. R.Crim. P. 27.04, subd. 3(2)(b). To revoke probation and execute the sentence, however, the district court must make certain findings required by *State v. Austin,* 295 N.W.2d 246 (Minn. 1980).[2]

In addition to these general provisions, section 609.135, subdivision 1a, addresses the specific case of a defendant who fails to pay restitution, providing that:

> If the court orders payment of restitution as a condition of probation and if the defendant fails to pay the restitution in accordance with the payment schedule or structure established by the court or the probation officer, the prosecutor or the defendant's probation officer may, on the prosecutor's or the officer's own motion or at the request of the victim, ask the court to hold a hearing to determine whether or not the conditions of probation should be changed or probation should be revoked. The defendant's probation officer shall ask for the hearing if the restitution ordered has not been paid prior to 60 days before the term of probation expires. The court shall schedule and hold this hearing and take appropriate action, including action under subdivision 2, paragraph (g), before the defendant's term of probation expires.

Section 609.135, subdivision 2(g), in turn, provides that:

> Notwithstanding the maximum periods specified for stays of sentences ..., a court may extend a defendant's term of probation for up to one year if it finds, at a hearing conducted under subdivision 1a, that:
>
> > (1) the defendant has not paid court-ordered restitution in accordance with the payment schedule or structure; and
> >
> > (2) the defendant is likely to not pay the restitution the defendant owes before the term of probation expires.
>
> This one-year extension of probation for failure to pay restitution may be extended by the court for up to one additional year if the court finds, at another hearing conducted under subdivision 1a, that the defendant still has not paid the court-ordered restitution that the defendant owes.

Minn.Stat. § 609.135, subd. 2(g).

### B.

The principal question in this appeal is whether Minn.Stat. § 609.135, subd. 2(g), prohibits a district court from extending probation for more than one year based on a defendant's failure to pay the full amount of restitution by the expiration of her probation term, even if the extended period of probation falls within the statutory maximum for the offense.

### 1.

■ Section 609.135, subdivision 2(g), allows a district court to "extend a defendant's term of probation for *up to one*

---

**2.** In particular, "[b]efore revoking a probationary sentence, a district court must: (1) specifically identify the condition or conditions violated; (2) find that the violation was intentional or inexcusable; and (3) find that

the policies favoring probation no longer outweigh the need for confinement." *State v. Osborne,* 732 N.W.2d 249, 253 (Minn.2007) (citing *Austin,* 295 N.W.2d at 250).

*year*" if the district court finds that the statutory prerequisites are met. Barrientos argues, correctly, that if the district court relies on section 609.135, subdivision 2(g), as its authority to extend a term of probation, it is limited to ordering an extension that is no longer than one year. Thus, if section 609.135, subdivision 2(g), is the only source of authority to extend probation based on the failure to pay restitution, the one-year limit of this statutory provision applies here and the district court's decision must be affirmed.

█ We conclude, however, that section 609.135, subdivision 2(g), is not the only statutory source of authority to extend a defendant's term of probation. When interpreting a statute, we must read and construe the statute as a whole, and we must interpret each section in light of the surrounding sections, so as to give effect to all of the provisions. *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). Critical to our analysis here, section 609.135, subdivision 1a, provides that "if the restitution ordered has not been paid prior to 60 days before the term of probation expires," the district court "shall ... take appropriate action, including action under subdivision 2, paragraph (g)." Minn.Stat. § 609.135, subd. 1a. The statutory text, especially the words "appropriate action, including," suggests that any action under paragraph (g) is merely *one* of several appropriate actions that the district court might take. If the Legislature had intended an extension under section 609.135, subdivision 2(g), to be the *only* appropriate action for a district court to take, it simply could have said that "the district court shall take appropriate action under subdivision 2, paragraph (g)." Instead, the plain language of section 609.135, subdivision 1a, suggests that sub-

division 2(g), is a nonexclusive grant of authority, not an exclusive grant (or limitation) of authority.

Indeed, another option available to the district court is to consider whether the defendant's failure to pay restitution constitutes a violation of her probation conditions and to take action under Minn.Stat. § 609.14, subd. 3, and Minn. R.Crim. P. 27.04, subd. 3(2)(b). As addressed above, these provisions grant district courts general power to address probation violations. If the defendant had the execution of her sentence stayed, and the district court finds a violation of a probation condition, both the statute and the rule permit the district court either (1) to revoke the stay and execute the sentence or (2) to continue the stay and "place the defendant on probation or order intermediate sanctions in accordance with the provisions of section 609.135." Minn.Stat. § 609.14, subd. 3(2); *see also* Minn. R.Crim. P. 27.04, subd. 3(2)(b)(iv)-(v). Although neither Rule 27.04 nor Minn.Stat. § 609.14 explicitly lists *extension* of probation as an option available to the district court, the statute's reference to "plac[ing] the defendant on probation ... in accordance with the provisions of section 609.135" allows the district court to define a new term or length of probation. Section 609.135 authorizes the district court to place the defendant on probation "on the terms the court prescribes," which include setting the length of probation, just as the district court did when it originally placed Barrientos on probation. *See* Minn.Stat. § 609.135, subd. 1(a)(2); *State v. Cottew,* 746 N.W.2d 632, 640 (Minn.2008) (stating that the district court is permitted to "continue a probationer's stay and place her on probation in any manner authorized by the statute").[3]

---

**3.** The court of appeals in *State v. Belfry* reached the same conclusion when it held

■ Thus, if the district court finds that the defendant has violated the conditions of her probation by failing to pay restitution, it may extend the defendant's period of probation under section 609.14, subdivision 3, and Rule 27.04, subdivision 3(2)(b). Neither of these provisions contains a one-year limitation on the length of the extension. *See* Minn.Stat. § 609.14, subd. 3; Minn. R.Crim. P. 27.04, subd. 3(2)(b). Of course, the district court's power to extend the period of probation using these provisions is not unlimited. The total term of probation (*i.e.,* the original plus the extension) is limited to the statutory maximum term of imprisonment for the underlying offense. Minn.Stat. § 609.135, subd. 2(a). Nothing in section 609.14 or Rule 27.04 authorizes a district court to disregard that limitation and extend the total length of the probation term beyond the statutory maximum term.

Here, the district court ordered Barrientos to pay $21,437.60 in restitution, and the payment of that amount was listed as a "Special Condition" on her probation agreement. After almost five years on probation, she failed to meet this condition. Thus, when her probation term was less than two months from expiring and she still had an outstanding restitution balance of $20,674.10, she was in violation of her probation conditions. In light of her failure to satisfy her restitution obligation by the end of her original probation term, the district court was authorized by section 609.135, subdivision 1a, to "take appropriate action." The district court was not limited to ordering a one-year extension under section 609.135, subdivision 2(g). Rather, the district court had authority under section 609.14, subdivision 3, and Rule 27.04 to extend her term of probation, provided the total term did not exceed the statutory maximum. Because Barrientos's offense carries a maximum term of ten years in prison and her original probation term was only five years, the district court was authorized to grant up to a five-year extension under these provisions.[4] The conclusion of the court of appeals that the district court lacked authority to extend the probation term for more than one year, therefore, is erroneous.

2.

Barrientos argues that a district court nonetheless is compelled to rely solely on section 609.135, subdivision 2(g), when addressing extensions of probation for failure to pay restitution. Barrientos contends that, because section 609.14 addresses probation revocations and extensions generally, and section 609.135, subdivision 2(g), pertains to the specific situation of exten-

---

that "probation extension is an available option for a trial court with the limitation that the total term of probation cannot exceed the statutory maximum sentence for the offense." 431 N.W.2d 572, 573 (Minn.App.1988); *cf. State v. Arnold,* 371 N.W.2d 253, 254 (Minn. App.1985) (concluding that a court's powers to extend probation for failure to pay restitution under Minn.Stat. § 609.14, subd. 3, must be read in conjunction with the overall limits on probationary sentences in Minn.Stat. § 609.135, subd. 2). The *Belfry* court reasoned that "[e]xtension of the time for restitution allows for a less severe loss to the probationer [than probation revocation] while fulfilling the state's interest in seeing that the

victims are compensated for their loss." 431 N.W.2d at 573.

4. Our decision should not be construed as *requiring* a district court to extend the probation term of a defendant who fails to pay restitution by the expiration of her probation term. A district court has other options. For example, the district court may instead refer the restitution amount to collections or reduce the obligation to a civil judgment. *See* Minn.Stat. § 609.135, subd. 1a (stating that the statute does not "limit[ ] the court's ability to refer the case to collections ... when a defendant fails to pay court-ordered restitution"); *see also* Minn.Stat. § 609.104 (2012).

sions for nonpayment of restitution, the more specific provision should control over the general. We disagree.

■ Barrientos is correct that when two provisions of a law are in irreconcilable conflict with one another, "the special provision shall prevail and shall be construed as an exception to the general provision." *Hyatt v. Anoka Police Dep't,* 691 N.W.2d 824, 830 (Minn.2005) (quoting Minn.Stat. § 645.26, subd. 1 (2004)). But, whenever possible, potentially conflicting general and special provisions "shall be construed . . . so that effect may be given to both." *Id.* (quoting Minn.Stat. § 645.26, subd. 1).

■ Barrientos does not identify an irreconcilable conflict between sections 609.135, subdivision 2(g), and 609.14. And we do not perceive one. The statutes can be read to give effect to both provisions. Specifically, section 609.14 allows the extension of probation for failure to pay restitution so long as the extension remains *within* the statutory maximum, thereby preserving the district court's authority to extend a term of probation as that provision had been interpreted by the court of appeals before the Legislature adopted section 609.135, subdivision 2(g), in 1991.

*See State v. Belfry,* 431 N.W.2d 572, 573 (Minn.App.1988). Section 609.135, subdivision 2(g), on the other hand, expands that general authority and allows the extension of a term of probation for up to two years "[n]otwithstanding the maximum periods specified for stays of sentences." In short, we conclude that section 609.135, subdivision 2(g), provides a limited vehicle for district courts to extend probation *beyond* the statutory maximum, but only in the discrete situation of unpaid restitution, and only for the finite period of two one-year terms.[5]

We do not address here whether section 609.135, subdivision 2(g), is constitutional insofar as it allows a district court to extend a defendant's probation term beyond the statutory maximum for an offense based on facts that are not found by a jury. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (stating that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *see also Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (stating that "the 'statutory maximum' for *Apprendi*

5. The dissent contends that there is an irreconcilable conflict between section 609.135, subdivision 2(g)—which addresses the extension of a term of probation for failure to pay restitution *specifically*—and section 609.14, subdivision 3, which provides the district court authority to extend a term of probation for violation of the probation conditions *generally*. Therefore, the dissent reasons, section 609.135, subdivision 2(g), must be construed as an exception to section 609.14, subdivision 3. But our canons of construction caution us against finding an irreconcilable conflict between two statutory provisions unless absolutely necessary. When determining whether two statutory provisions are in conflict, "the two shall be construed, *if possible,* so that effect may be given to both." *Enright v. Leh-*

*mann,* 735 N.W.2d 326, 335 (Minn.2007) (emphasis added) (quoting Minn.Stat. § 645.26, subd. 1). That is precisely what our analysis does. The dissent does not explain why it is not possible to interpret section 609.135, subdivision 2(g), and section 609.14, subdivision 3, so as to avoid an irreconcilable conflict. As addressed above, the plain language of section 609.135, subdivision 2(g), establishes that it is a *grant of authority* to district courts to impose extensions beyond the statutory maximum. Nothing in the plain language of that provision requires us to construe it as a *limitation* on a district court's authority to extend probation for any period up to the statutory maximum for failure to pay restitution.

purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" (emphasis omitted)). Barrientos's probation was not extended beyond the statutory maximum, nor did the State seek such an extension. In any case, Barrientos does not assert a constitutional challenge here. Our holding today concludes only that a district court has the statutory authority to extend a term of probation up to the statutory maximum based on the probationer's failure to pay the full amount of restitution by the end of the original probation term, and that authority is not limited by Minn.Stat. § 609.135, subd. 2(g).

### 3.

Finally, we reject Barrientos's reliance on *State v. Braun,* 487 N.W.2d 232 (Minn. 1992), to argue that the term of probation is part of the defendant's sentence and cannot be increased after it is imposed. In *Braun,* the district court responded to a defendant's violation of his probation by transforming his stayed 26–month sentence (calculated using a method for *concurrent* sentences) into two *consecutive* 21–month sentences. *Id.* at 233. The district court later revoked the stay, and thus the defendant's total punishment was, in effect, increased from 26 months to 42 months. We held that such an increase was impermissible under Minn. R.Crim. P. 27.03, subd. 9. *Braun,* 487 N.W.2d at 234.

*Braun* does not control here. Unlike in *Braun,* the state did not seek an increase in Barrientos's prison sentence, but rather an extension of her probation term based on her failure to meet the conditions of that probation. Whereas the term of imprisonment is intended to be fixed and certain, and thus cannot be increased, *see* Minn. R.Crim. P. 27.03, subd. 9 (stating that the court may "not increase the period of *confinement*" (emphasis added)), the

Legislature specifically provided that probation may be *conditional, see* Minn.Stat. § 609.135, subd. 1(a)(2) (stating that probation may be ordered "on the terms the court prescribes"). Therefore, when the district court initially placed Barrientos on probation for five years, that five-year term was fixed and certain only to the extent that she met all of the conditions of her probation. When she failed to meet the conditions of probation, section 609.135 and section 609.14 gave the district court authority to take remedial action. That remedial action does not include the authority to extend a prison sentence (as the district court tried to do in *Braun*). But, as we decide today, it does include the authority to extend the term of probation.

Prohibiting the extension of probation as Barrientos urges would provide a perverse incentive for district courts to impose the statutory maximum probation term when defendants are first sentenced. The rule we adopt today allows district courts to tailor the initial probation term to each particular defendant, while at the same time retaining flexibility to later extend that term if the defendant does not comply with the conditions of probation.

### II.

Barrientos next argues that, even if the district court had authority to extend her probation term for five years, we nonetheless must affirm on other grounds. Barrientos did not raise any of these grounds before the district court or the court of appeals, nor did she file a cross-petition for review. Although we will exercise our discretion to consider Barrientos's arguments, we reject them as without merit. *See* Minn. R.Crim. P. 29.04, subd. 6 (stating that we may permit a party to defend a decision on any ground that the law and record permit that would not expand the relief given to the party).

Barrientos argues that the State's appeal is not ripe because the district court's decision neither discharged her from probation nor determined when she would be discharged, and the State was entitled to request an additional extension of her probation term in the future. To reach the merits of an appeal, we require a "genuine conflict in the tangible interests of the opposing litigants" to exist. *McCaughtry v. City of Red Wing,* 808 N.W.2d 331, 337 (Minn.2011) (citation omitted). Both the State and Barrientos have a tangible interest in the length of a probation extension, and the district court affected those interests by denying the five-year extension the State sought. Rule 27.04 explicitly provides that either the defendant or the prosecutor may appeal a revocation decision. Minn. R.Crim. P. 27.04, subd. 3(4). Whether the State could request another extension in the future does not jeopardize the ripeness of this appeal.

Second, Barrientos argues that the State has waived its claim that she needed to serve a ten-year period of probation because it failed to seek any further extension of her probation after the first one-year extension had expired. She also argues that the case is moot because she has been discharged from probation without any further request for an extension from the State. We reject Barrientos's contention that the State has waived its argument for a five-year extension when it has challenged the district court's denial on appeal. *See, e.g., State v. Blom,* 682 N.W.2d 578, 617 (Minn.2004) (stating that waiver is the intentional relinquishment of a known right or privilege). Nor is the case moot as a result of Barrientos's discharge from probation. Mootness is a flexible discretionary doctrine, and it generally requires that a situation arise that renders the court "unable to grant effectu-

al relief." *Kahn v. Griffin,* 701 N.W.2d 815, 821 (Minn.2005). Here, the terms of the district court's order indicate that Barrientos's discharge from probation was merely *provisional,* subject to the possibility that this court might reverse the decision of the court of appeals. The district court clearly notified Barrientos that she "may be reinstated to the terms and conditions of probation" if that circumstance occurred. Thus, we have the power to grant effectual relief to the party that seeks it (the State), and the case is not moot.

Finally, Barrientos argues that the language in Minn.Stat. § 609.135, subds. 1a & 2(g), applies only to a defendant who fails to pay restitution "in accordance with the payment schedule or structure." Because she had made all of her minimum $50 monthly payments, Barrientos asserts that she was not in violation of her probation conditions and that the district court was never authorized to order *any* extension of probation. This argument is unavailing. At the outset, we observe that, because the district court was not required to rely on section 609.135, subdivision 2(g), to extend her probation, the language of that provision is not relevant here. To the extent that Barrientos relies on Minn.Stat. § 609.135, subd. 1a, the plain language of that section explicitly allows the district court to "take appropriate action" in situations when "the restitution ordered has not been paid prior to 60 days before the term of probation expires." That clearly was the case here. Moreover, we conclude that Barrientos reads the "payment schedule or structure" language too narrowly. Here, the district court's "payment structure" contained two components: (1) the making of a minimum monthly payment, and (2) a requirement that the entire balance be "paid in full." Payment of the *full* amount of restitution

was a "Special Condition" listed on the Probation Agreement that Barrientos signed. This special condition made it clear to Barrientos that failure to pay the entire restitution amount by the end of her probation term was a violation of her probation conditions. It was evident when she still had an unpaid balance of over $20,000 shortly before the expiration of her initial probation period that she had failed to pay in accordance with the district court's payment schedule or structure, and that she was in violation of her probation conditions. Thus, we decline to affirm the court of appeals on any of the alternate grounds urged by Barrientos.

### III.

▮ Because the court of appeals erred by concluding that the district court had no legal authority to extend Barrientos's probation for more than one year, we reverse the court of appeals and remand to the district court. We do not, however, reinstate the district court's initial order granting the State's motion to extend probation for five years. It appears from the record that Barrientos was not represented by counsel at the district court's May 3, 2011 hearing at which the five-year extension was sought, even though she was entitled to counsel under Minn. R.Crim. P. 27.04, subds. 2(1)(c), 3(1). Our review of the record offers no indication that Barrientos knowingly and intelligently waived the right to counsel. When the State seeks to extend a defendant's term of probation, the defendant has a significant liberty interest at stake and due process must be afforded. *See Cottew,* 746 N.W.2d at 636; *Pearson v. State,* 308 Minn. 287, 289, 241 N.W.2d 490, 492 (1976). As such, a district court errs if it extends probation at a hearing that does not comport with the basic procedural protections of Minn. R.Crim. P. 27.04, including the right to counsel. *Cf. Cottew,* 746

N.W.2d at 638 (observing that "the procedural safeguards contained in Rule 27.04 ... apply to *all probation violation proceedings,* including those that result in the imposition of intermediate sanctions rather than the revocation of a defendant's probation and execution of the defendant's sentence" (emphasis added)). Therefore, we remand to the district court to conduct a new hearing that comports with these procedural safeguards before determining whether to reinstate the five-year extension of probation previously ordered.

Reversed and remanded.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

PAGE, Justice (dissenting).

Under Minn.Stat. § 609.135, subd. 2(g) (2012), "a court may extend a defendant's term of probation *for up to one year* if it finds ... (1) the defendant has not paid court-ordered restitution in accordance with the payment schedule" and "(2) the defendant is likely to not pay the restitution the defendant owes before the term of probation expires." (Emphasis added.) The statute also permits the court to extend probation for "one additional year" if the defendant's failure to pay restitution continues. *Id.*

The court concludes, however, that section 609.135, subdivision 2(g), "is not the only statutory source of authority to extend a defendant's term of probation" when the defendant fails to pay court-ordered restitution. In reaching its conclusion, the court relies on language from section 609.135, subdivision 1a, which requires the court to "*take appropriate action,* including action under subdivision 2, paragraph (g)," when the defendant violates a condition of probation for failure to

pay restitution. (Emphasis added.) The court reasons that the language "take appropriate action, including" implies that there are sources of authority to extend probation other than section 609.135, subdivision 2(g).

I believe the court is wrong. While the language mandating that the court "take appropriate action" authorizes the court to order any probation conditions permitted by law for the probation violation, with respect to the sanction of extending probation, the Legislature by way of Minn.Stat. § 609.135, subd. 2(g), has imposed specific limitations as to the length of the extension that can be imposed. That subdivision 2(g) is the *only* source of authority to extend probation for failure to pay restitution is supported by our canons of statutory construction. *See* Minn.Stat. § 645.26 (2012) (explaining that "the special provision shall prevail and shall be construed as an exception to the general provision").

The court contends that section 609.135, subdivision 2(g), cannot be read as an exception to the district court's general authority to extend probation under Minn. Stat. § 609.14, subd. 3 (2012), because there is not an irreconcilable conflict between the statutes. The court arrives at this conclusion by interpreting section 609.135, subdivision 2(g), as limited to extensions of probation *beyond* the statutory maximum. But the court's reading of Minn.Stat. § 609.135, subd. 2(g), is flawed. The plain language of section 609.135, subdivision 2(g), dictates that *all* extensions of probation due to non-payment of restitution, both within and beyond the statutory maximum, must be no longer than one year.

Because section 609.135, subdivision 2(g), limits the district court's authority to extend probation for failure to pay restitution in a manner that section 609.14, subdivision 3, does not, the statutes are in conflict with one another. Thus, I would apply our canons of statutory interpretation and conclude that section 609.135, subdivision 2(g), controls. On that basis, I would affirm the court of appeals on the ground that, on the record presented, the district court was limited to extending Barrientos's probation for one year.

I respectfully dissent.